**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

**ELECTRONICALLY FILED**

WILLIAM HARRIS ASHER, JOSHUA MILLS, RANDALL SIZEMORE AND REBECCA ANN SIZEMORE, his wife, SHADE DEATON and KELIE JEAN DEATON, his wife, TONEY DYE and SHERYL MARKETT DYE, his wife, SAMMY FARIS and DEBORAH CHARLENE FARIS, his wife, CHRIS CAUDILL and FELICIA DAWN CAUDILL, his wife, CHARLES SANBORN II and TAMARA LYNN SANDBORN, his wife, STEPHEN CHRISTOPHER TAYLOR, and ANDREA TAYLOR, his wife, DONALD GREG WELLS, his wife, JOSHUA CALEB STACY, JASON ENGLE and YVETTE MATTIE ENGLE, His wife, TIMOTHY MARCUM, DAVID HOUSE And, LANA HOUSE, his wife, DENVER PENNINGTON, DAVID PENNINGTON and CLETA PENNINGTON, his wife,

**NO. 6:06-CV-548 DCR**

Plaintiffs,

v.

UNARCO MATERIAL HANDLING, INC., A Tennessee corporation; and ATLAS MATERIAL HANDLING, INC., An Illinois corporation (improperly identified as a California corporation),

Defendants.

---

**ANSWER**

Comes the Defendant, Atlas Material Handling, Inc., by counsel, and for its Answer to the Complaint of the Plaintiffs, hereby states and provides as follows:

1. Atlas denies each and every allegation not specifically admitted herein.

2. Atlas admits so much of the allegations in paragraph 1 of Plaintiffs' Complaint, that Plaintiffs' claim for damages is in excess of the minimum jurisdictional limits of the United States District Court as well as the Laurel Circuit Court.

3. As of the filing of its Answer, Atlas lacks sufficient information to admit or deny the residency of all Plaintiffs herein but believes that said Plaintiffs all in fact reside in the commonwealth of Kentucky as alleged in paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 of Plaintiffs' Complaint.

4. With regard to the allegations contained in paragraphs 18 and 19 of Plaintiffs' Complaint, said allegations simply attempt to identify certain Plaintiffs and Plaintiffs' spouses and this answering Defendant lacks information sufficient to form a belief as to the truth of said allegations.

5. Upon information and belief, Atlas believes that Unarco Material Handling, Inc. is a Tennessee corporation.

6. Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiffs' Complaint.

7. With regard to the allegations of paragraph 22 of Plaintiffs' Complaint, Atlas admits that it is an Illinois corporation.

8. With regard to the allegations contained in paragraph 23 of Plaintiffs' Complaint, Atlas admits that it is subject to suit in the commonwealth of Kentucky but believes said action, based upon diversity, is more properly brought in Federal Court.

9. Atlas is without knowledge or information sufficient to form a belief as to whether venue is proper in Laurel County, but based upon the information it has at present,

believes that a venue may be proper in Laurel County and specifically in the United States District Court for the Eastern District of Kentucky-London Division.

10. As of the filing of this Answer, Atlas lacks sufficient knowledge or information to admit or deny that all Plaintiffs' were employees of Wal-Mart Stores, Inc. working at the Wal-Mart Distribution Center at 6097 in London, Kentucky.

11. Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 26, 27, 28, 29 and 30 of Plaintiffs' Complaint.

12. With regard to the allegations contained in paragraph 31 of Plaintiffs' Complaint, Defendant Atlas admits that it entered into an agreement with Defendant Unarco to perform certain work at the subject Wal-Mart Distribution Center 6097. Atlas denies the remaining allegations set out in paragraph 31 of Plaintiffs' Complaint.

13. With regard to the allegations contained in paragraph 32 of Plaintiffs' Complaint, Atlas admits that certain work began at the Wal-Mart Distribution Center 6097 on or about November 29, 2005. Defendant Atlas admits that said work was to be performed inside the refrigerator/freezer building.

14. With regard to the allegations contained in paragraph 33 of Plaintiffs' Complaint, Defendant Atlas admits that the work performed at the subject Wal-Mart Distribution Center was done between approximately 2:00-3:00 p.m. and 3:00-4:00 a.m. Defendant Atlas denies the remaining allegations set out in paragraph 33 of Plaintiffs' Complaint.

15. Defendant Atlas denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

16. With regard to the allegations contained in paragraph 35 of Plaintiffs' Complaint, Defendant Atlas denies that said work was performed by Atlas. Defendant denies the remaining allegations set out in paragraph 35 of Plaintiffs' Complaint.

17. Defendant denies the allegations contained in paragraphs 36, 37, 38, 39, 40 and 41 of Plaintiffs' Complaint.

18. Defendant Atlas is without knowledge or information sufficient to admit or deny those allegations contained in paragraph 42 of Plaintiffs' Complaint. To the extent that any such allegation in paragraph 42 of Plaintiffs' Complaint purports to establish negligence on behalf of Atlas, Atlas denies same.

19. Defendant Atlas denies the allegations contained in paragraph 43 of Plaintiffs' Complaint.

20. With regard to the allegations contained in paragraph 44 of Plaintiffs' Complaint, Defendant Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations set out therein.

21. With regard to the allegations contained in paragraph 45 of Plaintiffs' Complaint, Atlas denies Plaintiffs attempt to characterize any duty that may have been owed in the instant action as such will be determined by the Court as a matter of law. Atlas thus denies the allegations set out in paragraph 45 of Plaintiffs' Complaint.

22. Defendant Atlas is without knowledge or information sufficient to form a belief as to the truth of factual allegations set out in paragraph 46 of Plaintiffs' Complaint. To the extent that any allegations in paragraph 46 of Plaintiffs' Complaint attempts to define any duties or interpret any contractual language between any parties herein, Defendant Atlas denies Plaintiffs'

characterization of such common law duties or duties owed pursuant to any contracts entered into between the parties.

23. Defendant Atlas denies the allegations contained in paragraph 47 of Plaintiffs' Complaint, including sub parts A through S.

24. Defendant Atlas denies the allegations contained in paragraphs 48, 49, 50 and 51 of Plaintiffs' Complaint.

**AFFIRMATIVE DEFENSES**

25. Atlas affirmatively states and alleges that if Plaintiffs sustained any damages as described in Plaintiffs' Complaint or otherwise, that same were caused or contributed to by the carelessness, negligence and unlawful conduct of Plaintiffs or others over whom this Defendant had no control, including the Co-Defendants in the present action as well as potential third parties.

26. Atlas affirmatively states and alleges that Plaintiffs' Complaint may be barred, in whole or in part, by the applicable affirmative defenses set out in Fed. R. Civ. P. 8(c).

27. Atlas affirmatively states and alleges that Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted.

28. Atlas affirmatively states and alleges that Plaintiffs may have failed to mitigate their damages.

29. Atlas expressly reserves the right to assert any and all additional affirmative and/or other defenses which discovery may reveal to be appropriate in this matter.

WHEREFORE, Atlas Material Handling, Inc. prays for judgment that the Complaint of the Plaintiffs be dismissed with prejudice and held for naught, for its costs herein

expended, for leave to file an amended answer at the close of discovery, and for any and all further relief as may appear proper, whether legal or equitable in nature.

BOEHL STOPHER & GRAVES, LLP

/s/ Rod D. Payne
Edward H. Stopher
Rod D. Payne
AEGON Center, Suite 2300
400 West Market Street
Louisville, KY 40202
rdpayne@bsg-law.com
Phone: (502) 589-5980
Fax: (502) 561-9400
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

On December 20, 2006:, I electronically filed this document through the ECF system, which will send a notice of electronic filing to:

Don Russo
Law Office of Don Russo, P.A.
7990 Red Road
Miami, FL 33143

Todd Page
Stoll Keenon Ogden
300 West Vine Street
Suite 2100
Lexington, KY 40507

/s/ Rod D. Payne
COUNSEL FOR DEFENDANT