UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| WILLIAM HARRIS ASHER, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 6: 06-548-DCR |
| ) | |
| V. ) | |
| ) | |
| UNARCO MATERIAL HANDLING, ) | |
| INC., and ATLAS MATERIAL ) | |
| HANDLING, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | **MEMORANDUM OPINION** |
| V. ) | **AND ORDER** |
| ) | |
| RACK CONVEYOR INSTALLATION, ) | |
| INC., ) | |
| ) | |
| Third-Party Defendant. ) | |

*** *** *** ***

This matter is currently pending for consideration of Defendant Unarco Material Handling, Inc.'s ("Unarco") motion for leave to file a third-party complaint [Record No. 69], Defendant Atlas Material Handling, Inc.'s ("Atlas") motion for leave to file a third-party complaint [Record No. 70], Third-Party Defendant Rack Conveyor Installation, Inc.'s ("RCI") motion for leave to file a fourth-party complaint [Record No. 65], Defendant Atlas' motion to extend pre-trial deadlines [Record No. 71], and the Plaintiffs' motion to strike Atlas' reply in support of RCI's motion for leave to file a fourth-party complaint [Record Nos. 75, 80 and 82]. For the reasons discussed herein, the Court will deny the parties' motions.

-1-

**I.     Background**

This action arises out of an alleged discharge of carbon monoxide gas in the enclosed freezer section of the Wal-Mart Distribution Center ("Distribution Center") in London, Kentucky, between November 29 and December 12, 2005. The Plaintiffs contend that the work performed in the evenings by Atlas and Unarco caused the discharge, resulting in the Plaintiffs' injuries. Atlas and Unarco were hired by Wal-Mart to perform installation and repair of the rack systems in the Distribution Center, and the Plaintiffs contend that they acted negligently in operating propane-powered welders used to perform the work, resulting in the release of carbon monoxide gas. The Plaintiffs are all either past or present employees of the Distribution Center and their spouses.

The Plaintiffs initially filed their Complaint on November 21, 2006, in the Laurel Circuit Court alleging claims for negligence and loss of consortium. The Defendants removed the action to this Court on December 18, 2006. Thereafter, a Scheduling Order was entered on February 1, 2007, directing, among other things, that the Defendants file any amended pleadings or motions to join additional parties by August 1, 2007. On February 16, 2007, Defendant Atlas filed a motion for leave to file a third-party complaint against RCI, alleging that RCI performed the work on behalf of Atlas. The Court granted Atlas' motion on February 23, 2007. Subsequently, on July 17, 2007, the Court granted the Plaintiffs' motion for leave to file an amended complaint, which added over thirty new Plaintiffs to the action.

Atlas has now filed a second motion for leave to file a third-party complaint against Miller Electric Manufacturing, Co., ("Miller") on the grounds that Miller manufactured the

propane welders used by RCI at the Distribution Center and failed to provide proper warnings regarding carbon monoxide. Atlas further contends that the welders may have malfunctioned and "could have potentially contributed to an increase in carbon monoxide output." [Record No. 70, p.2] Unarco also seeks to add a new party, Whayne Supply Co. ("Whayne"), who allegedly supplied the Miller propane welders to RCI. Unarco also contends that the welders did not have proper warnings and may have malfunctioned. Finally, Third-Party Defendant RCI seeks to implead Wal-Mart Stores East, LP ("Wal-Mart"), alleging that Wal-Mart breached its duty to provide a safe work environment for its employees and other workers by failing to monitor carbon monoxide exposure.

The Plaintiffs have objected to all of the Defendants' motions on the grounds that the claims asserted by the Defendants are untimely, would interject additional issues that are immaterial to their claims against the original Defendants, would cause delay and duplication of depositions that have already been completed, and would unduly prejudice the Plaintiffs. The Plaintiffs further assert that the amended pleadings tendered by the Defendants are futile because they fail to state causes of action against the prospective Third-Party Defendants.

**II.     Discussion**

Rule 14 of the Federal Rules of Civil Procedure governs third-party practice and provides that a defendant must obtain leave to file a third-party complaint more than ten days after serving its answer. Fed. R. Civ. Pro 14(a) (2007). The decision concerning whether to grant a motion for leave to implead is a matter committed to the discretion of the district court, and the "exercise of discretion is essentially a process of balancing the prejudices." *Kelley v. United States*, 1985

U.S. Dist. LEXIS 15807, at *7 (W.D. Mich. Sept. 19, 1985); *Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960) (citations omitted). "Competing interests includ[e] the avoiding of duplicative litigation versus ensuring that parties already before the Court receive reasonably expeditious adjudication." *Diar v. Genesco, Inc.*, 102 F.R.D. 288, 290 (N.D. Ohio 1984). Further, the timeliness of the motion is an "urgent factor governing the exercise of such discretion." *Irvin*, 274 F.2d at 178

"Under Fed. R. Civ. P. 14(a), a third party complaint is permitted only when the third party plaintiff is attempting to transfer liability for the plaintiff's claim against him." *Baker v. Pierce*, 812 F.2d 1406 (6th Cir. 1987). For a third-party claim to be properly before the Court, "[t]he third-party defendant's liability must be (1) owed to the impleading party; (2) based on the underlying claim against the impleading party; and (3) derivative of the impleading party's liability." *Gookin v. Altus Capital Partners*, 2006 U.S. Dist. LEXIS 12980, at *7 (E.D. Ky. Mar. 24, 2006). According to *Gookin* court, "if the third-party plaintiff claims that 'it was him, not me,' then impleader is inappropriate." *Id.* (*quoting Watergate Landmark Condo. Unit Owners' Assoc. v. Wiss, Janey, Elstner Assoc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987)). "However, if the third-party plaintiff's claim is that if he is liable, it is 'only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse [him] for all or part . . . of anything [he] must pay,' then impleader is permissible." *Id.* (alterations in original).

Generally, motions for leave to file a third-party complaint "are allowed if impleader will avoid circuity and duplication of actions," but "[i]f allowing impleader would place too great a burden on the original plaintiff, the motion should be denied." *Kelley*, 1985 U.S. Dist. LEXIS

15807, at *7. "Courts have denied motions to implead where they were filed approximately a year after the action was filed, and where the grant of the motion would entail extensions of discovery or delay of trial." *Korex*, 1987 U.S. Dist. LEXIS, at *6 (citations omitted). Additionally, this Court has noted that "[t]he plaintiff has selected his forum and proceeded against the defendant and is entitled to prosecute his case unhampered by collateral matters or controversies which the defendant may have with another who may have been liable to the plaintiff, but whom the plaintiff, in his discretion, decided not to sue." *Spring Hill Dairy Co. v. Elswick*, 20 F.R.D. 397, 399 (E.D. Ky. 1957).

In the present case, the Court finds that the claims asserted by the Defendants against Whayne, Miller and Wal-Mart would unnecessarily complicate the litigation and cause lengthy delays in discovery and trial of this matter. First, Atlas and Unarco's claims against Whayne and Miller would be more appropriately addressed in a subsequent action after the potential liability of Unarco, Atlas, and RCI is determined. In their proposed third-party complaints, Unarco and Atlas claim that the propane-powered welders manufactured by Miller and supplied by Whayne did not contain appropriate warnings and may have malfunctioned, allegedly causing and contributing to the injuries to the Plaintiffs. As a result, Unarco and Atlas claim that Whayne and Miller, respectively, are liable for common law indemnity, or, alternatively, apportionment of any sums adjudged against the original Defendants.

Based on Atlas and Unarco's assertions, if the Court allowed the proposed impleaders, this litigation would be transformed from a rather simple question involving Atlas, Unarco and RCI's alleged breach of their duty to exercise due care to a complicated products liability action

concerning the alleged defects in the propane welders and the failure to include instructions. The Court believes that allowing such impleader would unduly prejudice the Plaintiffs. The claims asserted by Unarco and Atlas would be more appropriately pursued in a separate action for indemnity. *See, e.g., Rodeheaver v. Sears, Roebuck & Co.*, 34 F.R.D. 488, 490 (N.D. Ohio 1964) (noting that "[w]here does the list of indemitors end? Where lies the line of demarcation between the policy of avoiding circuitous litigation and the policy of swift orderly administration of justice? The former must yield to the latter in this case.").

Moreover, this matter has already been pending for over nine months, and Atlas and Unarco filed their answers over eight months ago. Although the current requests to join additional parties do not violate the Court's Scheduling Order,[1] it is clear that granting the parties' motions would require the parties to re-take depositions, delay pre-trial deadlines,[2] and unnecessarily interject new issues into the litigation. Accordingly, because the Plaintiff's interest in expeditious adjudication of their claims outweigh any potential prejudice to the Defendants, and because the Defendants claims can be adequately addressed in a separate action for indemnity, the Court will deny Atlas and Unarco's motions to implead.

---

[1] The Court notes that, although it previously granted the Plaintiffs' motion to amend their complaint and Atlas' motion to implead RCI, those motions to join additional parties were filed just two and three months after the action was removed to this Court. In contrast, Atlas and Unarco waited until the eve of the deadline for joining parties, more than eight months after the Defendants filed their answers, and nine months after the action was filed. As noted previously, courts have frequently denied "motions to implead where they were filed approximately a year after the action was filed, and where the grant of the motion would entail extensions of discovery or delay of trial." *Korex*, 1987 U.S. Dist. LEXIS, at *6 (citations omitted).

[2] Defendant Atlas has already filed a motion for an extension of the pretrial deadlines due to the addition of new plaintiffs.

The Court will also deny RCI's motion for leave to file a fourth-party complaint against Wal-Mart. In addition to all the reasons discussed above concerning the timeliness of the motions, prejudice to the Plaintiffs, and the probable delay of pretrial deadlines and discovery, it appears that RCI's claims against Wal-Mart are not appropriate for third-party practice. As noted previously, impleader is only appropriate when the party sought to be joined is derivatively liable. It is not appropriate when the third-party plaintiff presents an "it was him, not me" claim; that is, a claim of direct liability between the party sought to be joined and the plaintiff. *See Gookin*, 2006 U.S. Dist. LEXIS 12980, at *7, 10 (noting that "[l]iability must be derivative rather than direct even were the third-party claim arises out of the same transaction as the underlying claim."); *see also Diar*, 102 F.R.D. at 290 ("In order to prevail on a motion under Fed. R. Civ. P. 14(a), the defendant must make some showing that the proposed third party defendant may be liable to the movant.").

Here, RCI contends that Wal-Mart breached its duty of care by failing to install carbon monoxide monitoring equipment and, as a result, is primarily liable for the injuries to the Plaintiffs. However, the Court fails to see how Wal-Mart's liability is *derivative* of RCI's liability. "In other cases where leave to file a third party complaint has been granted, the defendant has alleged some relationship between it and the proposed third party defendant, or has alleged that a duty is owed by one to the other." *Diar*, 102 F.R.D. at 291. RCI has alleged no such duty or relationship here. Rather, RCI contends that it performed worked pursuant to an agreement between Unarco, Atlas and Wal-Mart, and that joinder of Wal-Mart is necessary

"to have a determination to the liability of all parties who may be liable in this action." [Record No. 65, p.2 and Att.1]

> According to Moore's Federal Practice, Civil § 14.04 (2007),
>
> [a]n impleader claim is proper only to assert that the third-party defendant is liable *to the party impleading it (usually the defendant)*. Despite the clear language of the impleader rule on this point, some defendants continue to attempt to implead a third party on the basis of the third-party defendant's direct liability to the *plaintiff*. The courts properly reject such attempts and limit impleader to those third parties who are derivatively liable to the defendant. For example, in one case, a condominium owners' association sued an engineering firm for negligence in balcony repairs. The engineering firm impleaded the company that actually did the repair work and the company that inspected that work, alleging that they, and not the engineering firm, were negligent, and thus liable to the plaintiff. The court dismissed the impleader claim, since it asserted only a basis of liability to the *plaintiff*, and not derivative liability to the impleading party.

3 James Wm. Moore et al., Moore's Fed. Practice, Civil § 14.04 (2007) (emphasis in original). In the present case, RCI contends that Wal-Mart acted negligently in failing to provide a safe workplace for the Plaintiffs and in failing to have proper carbon monitoring equipment during the times when its employees and other workers were present. [Record No. 65, Att. 1 ¶ 6] Although the Plaintiffs may have a claim against Wal-Mart for this alleged negligence, it does not appear that RCI has asserted any duty or relationship which indicates derivative liability as required under Rule 14. Therefore, RCI's motion for leave to file a third-party complaint against Wal-Mart will also be denied.

Accordingly, because the Court finds the Plaintiffs' interest in expeditious adjudication of their claims to be the controlling factor and because Atlas and Unarco can more appropriately pursue their claims for indemnity after the liability of Atlas, Unarco and RCI is determined, the Court will deny the Defendants' motions to implead. The Court will aslo deny Third-Party

-8-

Defendant RCI's motion to implead Wal-Mart because RCI has failed to assert that Wal-Mart is derivatively liable of the Plaintiffs' claims against RCI.

Finally, the Court notes that Defendant Atlas has filed a motion for an extension of the pre-trial deadlines on the grounds that the Court recently allowed the Plaintiffs to amend their complaint to add twenty new Plaintiffs. Atlas does not suggest a new timeline, but requests that the Court order a scheduling conference to determine new deadlines. Discovery is not scheduled to be completed in this matter until March 2008, and the nearest approaching deadline for the Defendants is the disclosure of expert witnesses on November 1, 2007, more than two months away. Additionally, the Court notes that Atlas assumes in its motion that the Court will grant the Defendants' motions to implead additional parties which would add to the potential delays. However, because the Court will deny the proposed impleader and because the next deadline under the current scheduling Order is over two months away and discovery is not scheduled to be completed for seven months, the Court finds Atlas' motion to be premature. Accordingly, the motion for an extension will be denied.

**IV.  Conclusion**

For the forgoing reasons, it is hereby **ORDERED** as follows:

1.  Third-Party Defendant RCI's motion for leave to file a fourth-party complaint against Wal-Mart Stores East, LP, [Record No. 65] is **DENIED**.

2.  Defendant Unarco's motion for leave to file a third-party complaint against Whayne Supply Co. [Record No. 69] is **DENIED**.

3. Defendant Atlas's motion for leave to file a third-party complaint against Miller Electric Manufacturing Co. [Record No. 70] is **DENIED**.

4. Defendant Atlas's motion for an extension of pre-trial deadlines [Record No. 71] is **DENIED**.

5. The Plaintiff motion to strike Atlas' reply to RCI's motion for leave to file a fourth-party complaint [Record No. 80] is **DENIED**, as moot.

This 28th day of August, 2007.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge