UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| WILLIAM HARRIS ASHER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 6: 06-548-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNARCO MATERIAL HANDLING, | ) | |
| INC., and ATLAS MATERIAL | ) | |
| HANDLING, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **MEMORANDUM OPINION** |
| V. | ) | **AND ORDER** |
| | ) | |
| RACK CONVEYOR INSTALLATION, | ) | |
| INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Third-Party Defendant Rack Conveyor Installation, Inc.'s ("RCI") Motion to Dismiss the crossclaim of Defendant Unarco Material Handling, Inc. ("Unarco"). [Record No. 107]  Unarco has responded to RCI's motion and the matter stands submitted at this time.  Having reviewed the parties' briefs and the applicable law, the Court will grant RCI's motion and dismiss the claims asserted against it by Unarco.

## I.    Background

The Plaintiffs initially filed this action in Laurel Circuit Court on November 21, 2006, claiming damages as the result of an alleged discharge of carbon monoxide in the freezer section

of the Wal-Mart Distribution Center in London, Kentucky ("Distribution Center").  According to the Plaintiffs, Defendants Unarco and Atlas Material Handling, Inc. ("Atlas") caused the discharge in the course of repairing and installing rack systems and equipment.  The Defendants jointly removed the action to this Court on December 18, 2006, on the basis of diversity jurisdiction.

Subsequently, on February 16, 2007, Atlas filed a motion for leave to file a Third-Party Complaint against RCI, claiming that RCI actually performed the repairs and installation at the Distribution Center on behalf of Atlas.  The Court granted Atlas' motion, and the Third-Party Complaint was filed in the record on February 23, 2007.  [Record No. 24]  Thereafter, on July 17, 2007, the Court also granted the Plaintiffs' motion for leave to file an Amended Complaint.  [Record No. 63]

On July 27, 2007, Unarco filed an Answer to the Amended Complaint and asserted crossclaims against Defendant Atlas and Third-Party Defendant RCI. [Record No. 67]  Unarco claims that RCI actually performed the rack installation work in the Distribution Center, and that Atlas and RCI acted negligently in failing to report or remedy the allegedly defective generators used to perform the work.  Accordingly, Unarco claims that it is entitled to contractual and/or common law indemnity from Atlas and RCI for the Plaintiffs' claims against Unarco.

Thereafter, on September 14, 2007, RCI moved to dismiss Unarco's crossclaim against it under Federal Rule of Civil Procedure 12(b)(6).  In support of its motion, RCI asserts that "[a]n original defendant can not bring a crossclaim against a third-party defendant it did not join," citing *Murray v. Haverford Hospital Corp.*, 278 F. Supp. 5 (E. D. Pa. 1963)  [Record No.

-2-

107, p. 3]  More specifically, RCI asserts that it is not a "co-party" of Unarco under Rule 13(g). In response, Unarco contends that there is conflicting authority regarding the definition of a co-party, and that *Georgia Ports Authority v. Construzioni Meccaniche Industriali Genovesi*, 119 F.R.D. 693 (S. D. Ga. 1988), provides a more persuasive interpretation.

## II.    Legal Standard

"Under the new standard for ruling on a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face." *In re Air Crash at Lexington, Ky., Aug. 27, 2006*, 2007 U.S. Dist. LEXIS 87237, at *26 (E.D. Ky. Dec. 6, 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).  A plaintiff is not required to provide "heightened fact pleading of specifics," but must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965, 1974.  Additionally, all of a plaintiff's factual allegations must be taken as true in considering a motion to dismiss.  *Ricco v. Potter*, 377 F.3d 599, 603 (6th Cir. 2004).

## III.    Analysis

Federal Rule of Civil Procedure 14 governs third-party practice, including when a defendant, as a third-party plaintiff, can implead a person "not a party" to the action.[1]  The rule

---

[1]    Rule 14(a) provides, in relevant part, as follows:

(a) When a Defending Party May Bring in a Third Party.
 (1) Timing of the Summons and Complaint. A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. . . .
 (2) Third-Party Defendant's Claims and Defenses. The person served with the summons and third-party complaint--the "third-party defendant":
        (A) must assert any defense against the third-party plaintiff's claim under Rule 12;
        (B) must assert any counterclaim against the third-party plaintiff under Rule 13(a), and may assert any counterclaim against the third-party plaintiff under Rule 13(b) or any

details the types of claims that a third-party defendant can make, including counterclaims, crossclaims, and additional third-party claims, as well as the claims that an original plaintiff can make against a third-party defendant. However, the rule does not specify any manner in which an original defendant can file a claim against a third-party defendant or vice versa. *See* Fed. R. Civ. Pro. 14(a) (2007); *see also Hansen v. Shearson/American Express*, 116 F.R.D. 246, 247-48 (D. Pa. 1987) (noting that Rule 14(a) "does not expressly provide for a cross-claim or a counterclaim by a third-party defendant against a co-defendant of the third-party plaintiff"). Instead, the rule merely states that a third-party defendant may assert "any crossclaim against another third-party defendant under Rule 13(g)," and, if the original plaintiff files a claim against the third-party defendant, the third-party defendant may assert "any crossclaim under Rule 13(g)." Fed. R. Civ. Pro 14(a)(2)(B), (a)(3).

Under Rule 13(g), a party may file a crossclaim "against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a

---

crossclaim against another third-party defendant under Rule 13(g);

(C) may assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim; and

(D) may also assert against the plaintiff any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.

(3) Plaintiff's Claims Against a Third-Party Defendant. The plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The third-party defendant must then assert any defense under Rule 12 and any counterclaim under Rule 13(a), and may assert any counterclaim under Rule 13(b) or any crossclaim under Rule 13(g).

(4) Motion to Strike, Sever, or Try Separately. Any party may move to strike the third-party claim, to sever it, or to try it separately.

(5) Third-Party Defendant's Claim Against a Nonparty. A third-party defendant may proceed under this rule against a nonparty who is or may be liable to the thirdparty defendant for all or part of any claim against it.

-4-

counterclaim, or if the claim relates to any property that is the subject matter of the original action." Fed. R. Civ. Pro. 13(g) (2007). The term "co-parties" has most frequently been defined as "parties having like status, such as, co-defendants." *Murray*, 278 F. Supp. at 6 (holding that an original defendant could not assert a crossclaim against a third-party defendant under Rule 13(g)); *see also Int'l Paving Sys., Inc. v. Van Tulco, Inc.*, 866 F. Supp. 682, 695 (E.D.N.Y. 1994) (same); *Paur v. Crookston Marine, Inc.*, 83 F.R.D. 466, 471 (D.N.D. 1979) (same).[2]

However, some courts have adopted a broader definition to include "any party that is not an opposing party." *Georgia Ports Authority*, 119 F.R.D. at 695 (holding that Rule 13(g) is the proper mechanism for an original defendant to assert a crossclaim against a third-party defendant); *Earle M. Jorgenson Co. v. T.I. United States, Ltd.*, 133 F.R.D. 472, 474 (E.D. Pa 1991); *Mauney v. Imperial Delivery Servs., Inc.*, 865 F. Supp. 142, 153 (S.D.N.Y. 1994). Still other courts have held that "cross-claims are litigated by parties on the same side of the main litigation." *Stahl v. Ohio River Co.*, 424 F.2d 52, 55 (3d Cir. 1970).

In *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 652 (5th Cir. 1999), the Fifth Circuit adopted the broadest interpretation of Rules 13 and 14 in holding that third-party defendants could sue original defendants under Rule 14(a). In doing so, that court noted that,

---

[2]    RCI also directs the Court's attention to the Third Circuit's decision in *Schwab v. Erie Lackawanna Railroad Co.*, 438 F.2d 62, 66 (3d Cir. 1971), in support of its argument that "co-party" should be defined as "parties having like status, such as co-defendants." However, the court in *Schwab* was considering an unrelated claim by the third-party plaintiff against the third-party defendant. The court reasoned that, "[b]ecause Erie, as third-party plaintiff, and the third-party defendants are opposing parties rather than co-parties, no claim between them may be characterized as a cross-claim." *Schwab*, 438 F.2d at 67. Therefore, the court held that such a claim could not be considered a crossclaim under Rule 13(g), but that it could be cognizable under Rule 14 and Rule 18(a). In the present case, the Court must determine whether an original defendant who is not the third-party plaintiff can bring a crossclaim against a third-party defendant who is already a party to the action. Accordingly, *Schwab* offers little insight on this point.

> [u]nder Fed.R.Civ.P. 14(a), a third party defendant may assert claims arising out of the transaction against the original plaintiff, counterclaims against the third party plaintiff, and cross claims against a co-party under rule 13(g). The GE defendants [original defendants] argue that "most courts have accepted the definition set forth in *Murray v. Haverford Hospital Corp.*, 278 F. Supp. 5, 6 (E.D. Pa. 1968), where co-parties were defined as 'parties having like status, such as, co-defendants.'" The GE defendants argue that, as McNeil and Larkin [third-party defendants] do not share co-defendant status with them, McNeil and Larkin cannot be co-parties under rule 13(g).
>
> Although some courts have held that third party defendants may not file cross-claims against original defendants under rule 14(a), the issue has not been addressed by the Fifth Circuit. We agree that a reading of rules 14(a) and 13(g) can lead to the conclusion that third party defendants are barred from filing cross-claims against original defendants. We, however, find this reading to be a strained one and the result nonsensical. Under rule 14(a), third party defendants can join additional parties to the lawsuit to resolve claims related to the claim made against them. It therefore seems strange to conclude that they cannot bring those claims against parties already involved in the suit. The practical effect of adhering to the defendant's reasoning would be to hold that when a third party defendant wishes to allege a claim against an original defendant, he must file a separate complaint against the original defendant and then move for joinder of the two actions. We will not require third party defendants to jump through these additional hoops.

*Thomas*, 116 F.R.D. at 652. Accordingly, the court concluded that "under Rule 14(a), a third party defendant may file a cross-claim against an original defendant even if it would be inappropriate to characterize the third party defendant as a co-defendant of the original defendant." *Id.*

The Sixth Circuit has not addressed whether an original defendant can file a cross-claim against a third-party defendant under Rule 13(g) or Rule 14(a). However, as noted above, numerous other courts have addressed the precise issue presented here and have noted that there are "varying interpretations" of the term "co-party" and the application of Rules 13 and 14. *See, e.g., Int'l Paving Sys.*, 866 F. Supp. at 695; *Tech. Planning Int'l., LLC, v. Moore N. Am., Inc.*,

-6-

2003 U.S. Dist. LEXIS 1113 (D. N.H. Jan. 24, 2003); *see also* Arthur F. Greenbaun, *Jacks or Better to Open: Procedural Limitations on Co-Party and Third-Party Claims*, 74 Minn. L. Rev. 507, 515 (1990); John D. Bessler, *Are Cross-Claims Between Original Defendants and Third-Party Defendants Allowable?*, 66 Ind. L. J. 549 (1991).

In *Murray v. Haverford Hospital Corp*., the court looked to the language of Rules 13 and 14 and held that original defendants could not obviate the requirements of Rule 14 by filing purported "crossclaims" under Rule 13. The court noted that,

> [t]hird-party practice is specifically provided for in F.R.C.P. 14, which provides, inter alia, that the third-party defendant "shall make his defenses to the third-party plaintiff's claim as provided in Rule 12 and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13."[3]
>
> The language quoted amply indicates the clear intent of the framers of the Federal Rules to characterize co-parties as parties having like status.  Were the intent otherwise confusion would result, as in this case, with some defendants serving third-party complaints under Rule 14, after obtaining leave of court, and other defendants simply filing cross-claims purportedly under Rule 13(g), which does not require summons and complaint or, under any circumstances, leave of court to serve notice to the plaintiff upon motion and notice to all parties to the action.

*Murray*, 278 F. Supp. at 6-7.  Based on a plain reading of the statutory language, the court in *Murray* concluded that crossclaims between original defendants and third-party defendants were not permissible under the Federal Rules.

---

[3]     As of December 1, 2007, Rule 13 was amended as part of the "general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules." Fed. R. Civ. Pro 13 advisory committee notes (2007).  According to the Advisory Committee Notes, these changes are "intended to be stylistic only."   Therefore, the Court does not consider the variation to be substantive or to have any effect on the current analysis.

Similarly, in *International Paving Systems v. Van-Tulco, Inc.*, the Eastern District of New York held that an original defendant could not bring a crossclaim against a fourth-party defendant because they were not co-parties within the meaning of the rules.  In that case, the court reasoned that,

> The term "co-party" is not defined in the Federal Rules, and the term has been subject to varying interpretations.  However, most courts and commentators limit co-party treatment to parties having like status, such as co-defendants.  Because a defendant and a third- or fourth-party defendant do not share "like status," they are not generally considered to be "co-parties" within the meaning of Rule 13(g).  This interpretation of the term "co-party" has been regarded as the rule that best reflects the original intent of Rule 13.

*Int'l Paving Sys.*, 866 F. Supp. at 695 (internal citations and quotations omitted).

Although most courts have adopted the holding in *Murray* that "co-parties" means "parties have like status, such as co-defendants," several courts have held that dismissing claims between original defendants and third-party defendants is unwarranted because of the resulting duplicitous litigation.  *See, e.g., Georgia Ports Authority*, 119 F.R.D. at 696 ("To construe Rule 13(g) as not encompassing claims asserted by original defendants against third party defendants would force additional, independent actions to be filed.  Joinder would then be proper.  This only accomplishes the creation of an extra file."); *Tech Planning Int'l, LLC*, 2003 U.S. Dist. LEXIS, at *6-7; *Thomas*, 116 F.R.D. at 652.

Having considered the above authorities, this Court finds the courts' reasoning in *Murray* and *International Paving Systems* more persuasive.  Based on a plain reading of the Federal Rules, it does not appear that a crossclaim between a third-party defendant and an original defendant is permissible unless the plaintiff  has also brought a claim against the third-party

defendant under Rule 14(a)(3).  Once the plaintiff brings such a claim, the third-party defendant and original defendants are co-parties within the meaning of Rule 13(g) because they share "like status."  Thus, the third-party defendant can then bring "any crossclaim under Rule 13(g)."  *See* Fed. R. Civ. Pro 14(a)(3).   However, if a plaintiff has not brought suit against the third-party defendant, the third-party defendant only shares "like status" with other third-party defendants and can only bring crossclaims against other third-party defendants, as Rule 14(a)(2)(B) provides.

Accordingly, the Court finds that, absent the assertion of a claim by the plaintiff against the third-party defendant, the third-party's causes of actions are limited to those provided in Rule 14(a)(2).  Likewise, an original defendant is limited by the language of Rule 13(g) and can only bring crossclaims against co-parties.  In the present case, Unarco and RCI do not share "like status," as RCI has not been sued by the Plaintiffs and is merely a third-party defendant to the action, while Unarco is an original defendant and a co-party of Third-Party Plaintiff Atlas.  *See Murray*,  278 F. Supp. at 6-7; *Int'l Paving Sys.*, 866 F. Supp. at 695.  Therefore, the Court concludes that Defendant Unarco has impermissibly asserted a crossclaim against Third-Party Defendant RCI.

Pursuant to Rule 12(b)(6), a claim must be dismissed if it fails to state a claim upon which relief can be granted.  Further, "cross-claims are properly dismissed where a party does not state a claim against a co-party."  *Wayne County Bd. of County Comm'rs v. Mendel, Inc.*, 2000 U.S. Dist. LEXIS 1172, at *5 (N.D. Ohio Jan. 6, 2000) (citing *Dunbar & Sullivan Dredging Co. v. John R. Jurgenson Co.*, 396 F.2d 152, 153 (6th Cir. 1968)).  Here, Unarco's claims against RCI

fail to state a claim against a co-party. And because Rule 13 and Rule 14 are not appropriate mechanisms for Unarco to assert its claims against RCI under the circumstances presented, the purported "crossclaims" will be dismissed, without prejudice to being re-filed in a separate action for indemnity.

### IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Third-Party Defendant RCI's Motion to Dismiss [Record No. 107] is **GRANTED**. All crossclaims asserted by Unarco against RCI in its Answer to Amended Complaint and Cross-Claim [Record No. 67] are **DISMISSED**, without prejudice.

This 9th day of January, 2008.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge