UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| WILLIAM HARRIS ASHER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 6: 06-548-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNARCO MATERIAL HANDLING, | ) | |
| INC., and ATLAS MATERIAL | ) | **MEMORANDUM OPINION** |
| HANDLING, INC., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendants Atlas Material Handling, Inc.'s

("Atlas") and Unarco Material Handling, Inc.'s ("Unarco") motions for a jury instruction

allowing apportionment or, in the alternative, to certify a question of law to the Kentucky

Supreme Court. [Record Nos. 210, 217] Because the clear statutory language of KRS § 411.182

does not provide for apportionment under the circumstances of this case, and because the Court

concludes that it is unnecessary to submit the question proposed to the Kentucky Supreme Court,

the motions will be denied.  However, the motion for a jury instruction allowing apportionment

as to those Plaintiffs who entered into covenants not to sue with Wal-Mart will be denied without

prejudice to being re-filed if Wal-Mart is found to be at fault in the trial of this matter.

## I.    Background

The factual and procedural history of this case has been thoroughly discussed in several

Memorandum Opinion and Orders issued by the Court.  [*See* Record Nos. 85, 123, 276]  In

relevant part, the Plaintiffs contend that the rack installation and repair work performed by Defendants Atlas and Unarco at the Wal-Mart Distribution Center in London, Kentucky, resulted in the Plaintiffs' exposure to carbon monoxide gas. The Defendants, in turn, contend that work was actually performed by a third party, Rack Conveyor Installation, Inc. ("RCI")[1], using propane welders supplied by Whayne Supply Co. ("Whayne") and manufactured by Miller Electric Manufacturing, Co. ("Miller").

On August 28, 2007, the Court denied Atlas', Unarco's, and RCI's motions to join Wal-Mart, Miller, and Whayne as additional third-party defendants. The Court found that granting the motions to implead would result in unjust delay and prejudice to the Plaintiffs that outweighed any potential prejudice to the Defendants in pursuing a later action for indemnity with respect to Miller and Whayne. Additionally, the Court concluded that RCI's motion to implead Wal-Mart was not appropriate for third-party practice. [Record No. 85]

Subsequently, in September 2007, Atlas and Unarco filed motions for reconsideration of the Court's Order denying their motions to implead, as well as motions for leave to file third-party complaints against Wal-Mart. The Court again denied the motions in a Memorandum Opinion and Order dated October 16, 2007. The Court found that the motions to implead Whayne and Miller sounded in indemnity, not contribution, under the Kentucky Supreme Court's decisions in *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 224 S.W.2d 165, 167 (Ky. 1949), and *Degener v. Hall Construction Corp.*, 27 S.W.3d 775 (Ky. 2000). Accordingly, the Court

---

[1]   On June 11, 2008, the Court granted RCI's motion for summary judgment, finding that RCI could not be held liable for the Plaintiffs' alleged injuries under Kentucky's loaned servant doctrine. [*See* Record No. 276]

concluded that impleader was not required under KRS § 411.182 and denied the motions in the interest of judicial economy.  The Court also found that the Defendants' claims against Wal-Mart were not appropriate for third-party practice because the Defendants had failed to state a claim of derivative liability.

Undaunted by this Court's earlier rulings, Atlas and Unarco have now filed motions for a jury instruction allowing apportionment as to Whayne, Miller and Wal-Mart or, in the alternative, to certify the question to the Kentucky Supreme Court.  In support of their motions, Atlas and Unarco contend that the Kentucky Supreme Court's decision in *Kentucky Farm Bureau Mutual Insurance Co. v. Ryan*, 177 S.W.3d 797 (Ky. 2005), requires apportionment to known but absent tortfeasors, including the alleged third-parties in this case.  Alternatively, the Defendants request that the Court submit the following question to the Kentucky Supreme Court:

> Whether an alleged tortfeasor defendant is entitled - as a matter of law - to have the jury apportion fault among known but absent tortfeasors to avoid being held liable for the fault of the known but absent tortfeasors.

[Record No. 210, p.10]

## II.     Discussion

### A.     Motion for a Jury Instruction Allowing Apportionment

In its October 16, 2007 Memorandum Opinion and Order, this Court unequivocally found that Atlas and Unarco's claims against Wal-Mart, Miller and Whayne were not appropriate for third-party practice under the circumstances of this case. [*See* Record No. 123]  Although Atlas and Unarco desperately attempt to reopen this analysis in their current motion, the Court is unwilling to revisit the issue.  Therefore, the only remaining issue to be decided is whether,

under the current posture of the case, the Defendants could be entitled to an apportionment instruction with respect to non-parties Miller, Whayne, and Wal-Mart.

Under Kentucky law, an apportionment instruction is required in all tort cases involving the fault of more than one party. *See Smith v. Toyota Motor Corp.*, 105 F. App'x 47, 50 (6th Cir. 2004). Section 411.182(1) of the Kentucky Revised Statutes specifically provides that,

> [i]n all tort actions, including products liability actions, involving fault of more than one (1) party to the action, including third-party defendants and persons who have been released under subsection (4) of this section, the court, unless otherwise agreed by all parties, shall instruct the jury to answer interrogatories or, if there is no jury, shall make findings indicating:
>
> (a) The amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and
>
> (b) The percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability under subsection (4) of this section.

KRS § 411.182 (2008). Subsection (4) of KRS § 411.182 further states that,

> [a] release, covenant not to sue, or similar agreement entered into by a claimant and a person liable, shall discharge that person from all liability for contribution, but it shall not be considered to discharge any other persons liable upon the same claim unless it so provides. However, the claim of the releasing person against other persons shall be reduced by the amount of the released persons' equitable share of the obligation, determined in accordance with the provisions of this section.

*Id*.

Accordingly, apportionment is required with respect to any "party, a dismissed party, or settling nonparty" who is found to be at fault. *Owens Corning Fiberglass Corp. v. Parrish*, 58 S.W.3d 467, 472 n.4 (Ky. Ct. App. 1994). However, KRS § 411.182 does not permit apportionment of fault "to a nonsettling, nonparty." *Id*. According to the Court of Appeals of

-4-

Kentucky, "the thrust of KRS 411.182, considered in its entirety, limits allocation of fault to those who actively assert claims, offensively or defensively, as parties in the litigation or who have settled by release or agreement." *Baker v. Webb*, 883 S.W.2d 898, 900 (Ky. Ct. App. 1994).

As this Court recently explained in *Hall v. MLS National Medical Evaluations, Inc.*, 2007 U.S. Dist. LEXIS 33909 (E.D. Ky. May 8, 2007) (Caldwell, J.), "§ 411.182 provides a right to an apportionment instruction or finding where underlying substantive fault exists, but it does not provide a substantive cause of action itself." *Hall*, 2007 U.S. Dist. LEXIS 339093, at *8. Rather, "§ 411.182 'is simply a codification of this common law evolution of the procedure for determining the respective liabilities of joint tortfeasors, whether joined in the original complaint or by third-party complaint.'" *Id*. at *7 (quoting *Kentucky Farm Bureau Mut. Ins. Co. v. Ryan*, 177 S.W.3d 797, 802-03 (Ky. 2005)).

In the present case, nonsettling, nonparties Whayne and Miller simply do not fit within any of the categories enumerated in § 411.182. They are not parties to the action, and they cannot be considered as dismissed or settling third-parties because Atlas, Unarco, and RCI were never granted leave to file the tendered third-party complaints against them. Although Atlas and Unarco correctly argue that "all a party is required to do to obtain the right to demand an apportionment instruction is make 'an active assertion of a claim against joint tortfeasors,'" there has not been an active assertion of a claim against Whayne or Miller so as to allow an apportionment instruction in this case. [Record No. 226, p.2 (quoting *Floyd v. Carlisle Construction Co.*, 758 S.W.2d 430, 432 (Ky. 1988)] The Defendants motions to implead were

denied (repeatedly), and Whayne and Miller never "actively assert[ed] claims, offensively or defensively, as parties in the litigation." *Baker*, 883 S.W.2d at 900.

This conclusion is supported by the Kentucky Court of Appeals' recent unpublished decision in *Haven Steel Products, Inc. v. Cowan*, 2007 WL 1575310 (Ky. Ct. App. Jun. 1, 2007), in which the court held that the denial of a motion implead also denied the right to apportionment of fault as to that alleged joint tortfeasor. *Haven*, 2007 WL 1575310, at *2 ("All evidence and arguments of installation errors were rendered useless without Loy's joinder, and Haven was denied its right to apportionment of fault.") (citing KRS § 411.182). As the court noted in *Baker*, "[w]hen the statute states that the trier-of-fact shall consider the conduct of 'each party at fault,' such phrase means those parties complying with the statute as named parties to the litigation and those who have settled prior to litigation, not the world at large." *Baker*, 883 S.W.2d at 900; *see also Ryan*, 177 S.W.3d at 803 (holding that common law apportionment of fault could be made as to unknown, absent tortfeasors, so long as the defendant "complied with the procedural requirements to bring the unknown motorcyclist into the lawsuit as a third-party defendant," including the requirement of service of process).

Accordingly, because Whayne and Miller are nonsettling nonparties that do not fit within any of the categories enumerated in § 411.182, Atlas and Unarco's motions for a jury instruction allowing apportionment will be denied. However, with regard to Wal-Mart, Atlas and Unarco may be entitled to an apportionment instruction if Wal-Mart is found to be at fault in this matter. There is no dispute that Wal-Mart entered into covenants not to sue with some of the Plaintiffs,

and § 411.182 expressly includes entities who have entered into such agreements. *See* KRS §

411.182(1), (4).

Nevertheless, the Plaintiffs correctly note that the Court cannot allow an apportionment

instruction unless a party is found to have been at fault in the matter. *See Owens Corning*

*Fiberglass Corp.*, 58 S.W.3d at 472 n.4 (noting that "[t]he mere fact that a party has been sued

or has settled does not permit the factfinder to allocate part of the total fault to that party"). The

Kentucky courts have repeatedly held that "[f]ault may not be properly allocated to a party, a

dismissed party or settling nonparty unless the court or the jury first finds that the party was at

fault; otherwise, the party has no fault to allocate." *Id*. (citing KRS § 411.182; *Floyd*, 758

S.W.2d at 432). Therefore, because Atlas and Unarco's motion for a jury instruction allowing

apportionment as to Wal-Mart cannot be granted unless Wal-Mart is found to be at fault in the

matter, the motion will be denied without prejudice to being re-filed at the conclusion of the trial

in this matter.

### B.     Motion to Certify Question to the Kentucky Supreme Court

In the event the Court denies their motions for apportionment of fault as to Whayne,

Miller, and Wal-Mart, Atlas and Unarco have requested that the Court certify the following

question to the Kentucky Supreme Court:

> Whether an alleged tortfeasor defendant is entitled - as a matter of law - to have
> the jury apportion fault among known but absent tortfeasors to avoid being held
> liable for the fault of the known but absent tortfeasors.

[Record No. 210, p.10]  According to the Defendants, "[w]hile Atlas believes that the Kentucky

Supreme Court has spoken clearly on the requirement for apportionment in the *Kentucky Farm*

*Bureau Mut. Ins. Co. v. Ryan*, 177 S.W.3d 797 (Ky. 2005) and *Hilen v. Hays*, 673 S.W.2d 713 (1984) [sic], opinions, if the Court does not read those opinions to mandate apportionment, then certification is appropriate due to the lack of controlling authority." [Record No. 210, p.10]

Atlas' and Unarco's motions on this issue are simply misplaced.  Pursuant to Kentucky Rule of Civil Procedure 76.37, if questions of state law arise during the pendency of a proceeding and there is no controlling precedent on the particular issue, the Court may certify those questions to the Kentucky Supreme Court for decision.  However, whether controlling precedent exists is not determined by whether the Court rules in a particular party's favor, as Atlas contends.  Rather, the question is simply whether the Kentucky Supreme Court or Court of Appeals of Kentucky has ever ruled on the issue.

In the present case, Atlas is correct that the Kentucky Supreme Court's opinions in *Ryan* and *Hilen* have squarely decided the question that is currently before the Court.  In *Ryan*, the court held that fault could be apportioned to an absent tortfeasor who was properly joined to the action. *Ryan*, 177 S.W.3d at 804 (holding that "KFB properly joined the [absent tortfeasor] to the action and presented sufficient evidence to justify an apportionment instruction").  The court noted that the third-party plaintiff had complied with all procedural requirements to bring the absent tortfeasor into the action as a third-party plaintiff, and that "there was more than sufficient evidence" to demonstrate his culpability. *Id*. at 803.  Similarly, the Supreme Court of Kentucky's landmark decision in *Hilen* adopted the pure comparative fault doctrine which eventually paved the way for the codification of § 411.182. *See, e.g. Ryan*, 177 S.W.3d at 802-03.  However, these cases simply do not support the Defendant's argument for an apportionment

instruction in the present case because Miller and Whayne have never been properly joined to the action.

In considering a motion to certify a question to the Kentucky Supreme Court, the Sixth Circuit has identified several factors for courts to consider. *See American Fidelity Bank & Trust Co. v. Heimann*, 683 F.2d 999 (6th Cir. 1982). These factors include the likelihood of recurrence of the precise question raised, whether certification is appropriate based on the question presented, and the "inevitable delay inherent in the certification process." *Id.* at 1002 (citing *State ex rel. Shevin v. Exxon Corp.*, 526 F.2d 266, 274-75 (5th Cir. 1976)). Further, "[w]here a state law question is sufficiently clear, whether from the text of the state statute itself or from analogy to a state court decision, for example, a federal judge can and should decide a state law question." *Daenzer v. Wayland Ford, Inc.*, 193 F. Supp. 2d 1030, 1041-42 (W.D. Mich. 2002), *rev'd on other grounds*, 134 F. App'x 911 (6th Cir. 2005).

Applying these considerations to the present case, the Court concludes that certification is not appropriate under the circumstances presented. Although there is a substantial likelihood that the question raised may recur, the question has been adequately addressed based on the analogous Kentucky case law and the straight-forward statutory text of KRS § 411.182. Moreover, the delay likely to result from the certification process weighs heavily against certification. This Court has already addressed numerous extensions and delays in this case, and the trial in this matter is scheduled to begin in less than six months. In sum, because the Court believes it is unnecessary to certify the question presented and because the delays that are likely

to result from the certification process outweigh any possible advantage in allowing certification, the Defendants' motions will be denied.

### III.   Conclusion

For the reasons discussed herein, it is hereby

**ORDERED** that Atlas' and Unarco's motions for a jury instruction allowing apportionment as to Whayne and Miller [Record Nos. 210, 217] are **DENIED**, with prejudice. However, the motions for a jury instruction allowing apportionment as to those Plaintiffs who entered into covenants not to sue with Wal-Mart are **DENIED**, without prejudice to being re-filed if Wal-Mart is found to be at fault in the trial of this matter.

Additionally, Atlas' and Unarco's motions to certify a question to the Supreme Court of Kentucky are **DENIED**.

This 14th day of June, 2008.



Signed By:

*Danny C. Reeves*  DCR

United States District Judge