UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| WILLIAM HARRIS ASHER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 6: 06-548-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNARCO MATERIAL HANDLING, | ) | |
| INC., and ATLAS MATERIAL | ) | **MEMORANDUM OPINION** |
| HANDLING, INC., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendants Atlas Material Handling, Inc.'s ("Atlas") and Unarco Material Handling, Inc.'s ("Unarco") motions for summary judgment against certain Plaintiffs. [Record Nos. 235, 237] Because the claims asserted by the Plaintiffs named for the first time in the Amended Complaint are barred by Kentucky's one year statute of limitations, the motions will be granted.

## I.    BACKGROUND

This action arises out of an alleged discharge of carbon monoxide gas in the enclosed freezer section of the Wal-Mart Distribution Center (the "Distribution Center") in London, Kentucky, between November 29 and December 12, 2005. The Plaintiffs contend that the work performed in the evenings by Atlas and Unarco caused the discharge, resulting in the Plaintiffs' injuries. More specifically, the Plaintiffs assert that Atlas and Unarco acted negligently in operating propane-powered welders inside the Distribution Center, resulting in their exposure

to carbon monoxide gas.  The Plaintiffs are all either past or present employees of the Distribution Center and their spouses.

The Plaintiffs initially filed their Complaint on November 21, 2006, in the Laurel Circuit Court alleging claims for negligence and loss of consortium.  The Defendants then removed the action to this Court.  Thereafter, on March 22, 2007, the Plaintiffs filed a motion for leave to file an Amended Complaint to add thirty-three plaintiffs[1] to the action.  The Court granted the motion on July 17, 2007.

Subsequently, in November 2007 and January 2008, eleven of the newly-added Plaintiffs filed notices and/or stipulations of voluntary dismissal of their claims. [*See* Record Nos. 122, 168]  Additionally, the Court granted Atlas' and Unarco's motion for summary judgment as to Plaintiff Jamie Rhodes' claim for loss of consortium on May 16, 2008.  [*See* Record No. 256]  As a result, only twenty-one Plaintiffs who first asserted their claims in the Amended Complaint currently remain in this action.  They are: Stephen King, Anna McClure, Ricky Trent, Kathy Trent, James Helton, Jamey Hill, Chrystal Hill, Clifford Sage, Kimberly Sage, Billy Rhodes, Danny Pittman, Gary Patterson, Bennie Swift, Sarah Swift, David Spurlock, Elaine Spurlock, Sean Shupe, Glenna Shupe, Stephen Bush, Lora Bush, and Dora Keley (collectively, the "new Plaintiffs").

---

[1]     The Plaintiffs who asserted claims for the first time in the Amended Complaint are: Stephen King, Anna McClure, George Hibbard, Ricky Trent, Kathy Trent, Jeff Wagers, Angela Wagers, Timothy Burns, Theresa Burns, Bobby Allen, Tracy Allen, Justin Gomez, James Helton, Jamey Hill, Chrystal Hill, Clifford Sage, Kimberly Sage, Billy Rhodes, Jamie Rhodes, Danny Pittman, Gary Patterson, Barry Lockard, Mildred Lockard, Bennie Swift, Sarah Swift, Cecil Spurlock, Elaine Spurlock, Sean Shupe, Glenna Shupe, Stephen Bush, Lora Bush, Dora Keley, and Humberto Alvarado.

In their motions for summary judgment against the new Plaintiffs, Atlas and Unarco contend that any claims asserted for the first time in the Amended Complaint are barred by Kentucky's one year statute of limitations, KRS § 413.140.  According to Atlas and Unarco, the new Plaintiffs learned of their injuries and had reason to know that any injuries could have been caused by the exposure to carbon monoxide gas in December 2005.  Therefore, Atlas and Unarco contend that the statute of limitations expired on their claims in December 2006, and the claims asserted for the first time in the Amended Complaint in March 2007 are time-barred.

In response, the new Plaintiffs assert that the Amended Complaint should relate back to the original Complaint under Federal Rule of Civil Procedure 15.  Further, the new Plaintiffs contend that, even if the Amended Complaint does not relate back, the time for filing any claims against Atlas and Unarco is governed by Kentucky's discovery rule because the new Plaintiffs did not discover the permanent nature and cause of their injuries until 2007.

## II.    LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists.  *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 983 (E.D.Ky. 1993).  However, once a moving party has met its burden of production, "'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."

-3-

*Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 984 (E.D.Ky. 1993) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)).   The nonmoving party cannot rely upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn affidavits to support its claims.  *Celotex*, 477 U.S. at 324.

In reviewing a party's motion for summary judgment, all evidence must be viewed in the light most favorable to the non-moving party, and summary judgment is appropriate whenever that non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

### III.   ANALYSIS

#### A.   Relation Back under Rule 15(c)

The new Plaintiffs contend that the statute of limitations is not a bar to their claims because the amended complaint should relate back to the filing of the original complaint under Federal Rule of Civil Procedure 15(c).  That section provides, in relevant part, that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  Fed. R. Civ. Pro. 15(c) (2008).

-4-

According to the Plaintiffs, this section is applicable to the current case because the claims of the new Plaintiffs arose out of the same occurrence as the claims of the original Plaintiffs. [*See* Record No. 247, p.4 (citing Wright, Miller & Kane, 6 Fed. Prac. & Proc. Civ. 2d §1501, Relation Back of Amendments Changing Parties - New Plaintiffs; *Otsuka v. Polo Ralph Lauren Corp.*, 2008 U.S. Dist. LEXIS 9227 (N.D. Cal. Jan. 9, 2008); *Employees Committed for Justice v. Eastman Kodak Co.*, 407 F. Supp. 2d 423 (W.D.N.Y. 2005)]

However, the law in this circuit is clear that "'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1450 (6th Cir. 1991) (quoting *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)). Although the new Plaintiffs contend that this rule should not apply to amended complaints adding new plaintiffs, rather than new defendants, this Court has explicitly held that the rule is also applicable to new plaintiffs. *See Black v. Franklin County*, 2005 U.S. Dist. LEXIS 26362, at *9-10 (E.D. Ky. Aug. 16, 2005) (Hood, J.) (holding that "the Court rejects Plaintiffs' argument that the claims in the amended complaint 'relate back' to the filing of the first complaint"). In that case, the Court dismissed the claims asserted by certain plaintiffs for the first time in the amended complaint as time-barred, because those claims could not relate back to the filing of the original complaint. *Id.* at *10-11.

In the present case, the original Plaintiffs filed their Complaint on November 21, 2006, and the new Plaintiffs filed their claims in the Amended Complaint on March 22, 2007. Accordingly, the claims asserted for the first time in the Amended Complaint by the new

Plaintiffs must have arose on or after March 22, 2006, as the "relation back" doctrine cannot apply to claims asserted by new parties. *See Black*, 2005 U.S. Dist. LEXIS 26362, at *10-11; *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d at 1450.

### B.   Application of the "discovery rule"

Alternatively, the new Plaintiffs contend that their claims were timely-filed under the "discovery rule" adopted by the Kentucky Supreme Court in *Louisville Trust Co. v. Johns-Manville Products Corp.*, 580 S.W.2d 497 (Ky. 1979).   In particular, the new Plaintiffs claim that they "did not discover their permanent injuries or the cause thereof until somewhat later than the first filing Plaintiffs." [Record No. 247, p.19]  In support of this assertion, the new Plaintiffs have submitted deposition testimony from fourteen of the new Plaintiffs indicating that they did not learn that they suffered permanent injuries or that Atlas' and Unarco's actions may have caused those injuries until 2007.  [Record No. 247, Exs. 1-14]  Additionally, the new Plaintiffs contend that the determination of when they should have reasonably known of their injuries and the cause is a question of fact for the jury.  [*Id.*, p.20 (citing *Lipsteuer v. CSX Transportation, Inc.*, 37 S.W.3d 732, 737 (Ky. 2000)]

As noted above, KRS § 413.140(1)(a) provides a one year statute of limitations for personal injury claims.  The statute begins to run from the date "the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct."  *Louisville Trust Co. v. Johns-Manville Products Corporation*, 580 S.W.2d 497, 501 (Ky. 1979).  However, it is well-established that a cause of action accrues on the date of injury to the person even though the full

extent of the injury is not known until years later.  *See Dixon v. Clem,* 404 F. Supp. 2d 961, 965 (E.D. Ky.), *aff'd* 2007 U.S. App. LEXIS 16247 (6th Cir. 2007);  *Caudill v. Arnett,* 481 S.W.2d 668 (Ky. 1972).

In *Lipsteuer v. CSX Transportation, Inc.*, 37 S.W.3d 732, 737 (Ky. 2000), the Supreme Court of Kentucky addressed the application of the discovery rule in the context of exposure to harmful substances and held that the statute of limitations begins to run when "a plaintiff knows or, in the exercise of reasonable diligence, should know of both the injury and its cause."  The court noted that the determination of when the plaintiff was put on notice of the cause of his injury was generally a question for the jury, while the application of the statute of limitations was a question of law.  *Id*.  However, "[w]here the pertinent facts are not in dispute, the validity of the defense of the statute of limitations can and should be determined by the court as a matter of law."  *Bulk Terminals v. Alcoa*, 2007 Ky. App. LEXIS 78, at *10 (Ky. Ct. App. Mar. 9, 2007) (upholding the trial court's grant of summary judgment under the discovery rule).

Recently, in *GMRI, Inc. v. Emberton*, 2007 Ky. App. LEXIS 110 (Ky. Ct. App. Apr. 20, 2007)[2], the Court of Appeals of Kentucky addressed a case similar to the one currently before the Court and held that the trial court erred in failing to dismiss the action on statute of limitation grounds.  In that case, the plaintiff contracted hepatitis A after eating at a Red Lobster restaurant in July 2001.  He was hospitalized approximately one month later as a result of his symptoms, but did not file suit until May 2004 after he was approached by an attorney who represented

---

[2]      The Kentucky Supreme Court granted discretionary review in this case on February 13, 2008, and on cross-appeal on April 16, 2008.  *See Emberton v. GMRI, Inc.*, 2008 Ky. LEXIS 72 (Ky. Feb. 13, 2008); *GMRI, Inc. v. Emberton*, 2008 Ky. LEXIS 89 (Ky. Apr. 16, 2008).

another person who contracted hepatitis A in connection with the same outbreak. The defendants argued that the discovery rule was inapplicable because the plaintiff began having symptoms one month after the incident, and, therefore, hepatitis A could not be considered a latent disease.

The court held that, even if hepatitis A was considered a latent disease because it took one month for the onset of the symptoms, the discovery rule could not toll the statute of limitations because the plaintiff failed to exercise reasonable diligence in discovering the cause. *Id*. at *6. In reaching this decision, the court reasoned that,

> [t]he operative question in this case, then, is not when Emberton became aware that he had contracted hepatitis A, as that date is undisputed. Rather, the operative question is when Emberton discovered, or in the exercise of reasonable diligence should have discovered, that his hepatitis A may have been caused by Red Lobster's conduct.
>
> In *McLain v. Dana Corp.*, 16 S.W.3d 320, 326, 46 14 Ky. L. Summary 15 (Ky.App. 1999), this court discussed the fact that when a plaintiff knows he has been injured, he has an obligation to investigate the identity of his tortfeasor. As stated therein,
>
>> [u]nder Kentucky law, the discovery rule provides that a cause of action accrues when the injury is, or should have been, discovered. However, the discovery rule does not operate to toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or a misrepresentation by the defendant of his role in causing the plaintiff's injuries. A person who has knowledge of an injury is put on "notice to investigate" and discover, within the statutory time constraints, the identity of the tortfeasor.

*Id*. at *4-6. The court also noted that,

> [f]urther, Emberton's brief states that at least two individuals brought suit against Red Lobster prior to the one-year anniversary of the hepatitis A outbreak. Indeed, one individual was represented by Emberton's counsel, through whom Emberton

-8-

eventually learned that Red Lobster was likely the tortfeasor.  This suggests that with reasonable diligence, Emberton also could have known within the year that Red Lobster was the likely tortfeasor.  Under these circumstances, we believe that *McLain* controls, and the discovery rule did not toll the statute of limitations as to Emberton's cause of action.

*Id*. at *6

Here, it is undisputed that the new Plaintiffs claim to have suffered immediate symptoms as a result of their alleged exposure to carbon monoxide gas, and the Court does not believe that these injuries can be considered latent.  A latent injury has been defined as an injury that is "of an inherently unknowable nature," such as in medical malpractice cases, asbestos cases, and other cases involving exposure to toxic substances where the symptoms do not manifest for years later.  *See Louisville Trust Co.*, 580 S.W.2d at 501.  As the Court of Appeals of Kentucky noted in *Roman Catholic Diocese v. Secter,* 966 S.W.2d 286, 288 (Ky. Ct. App. 1998), "[w]ith the exception of cases involving *latent injuries* from exposure to harmful substances, Kentucky courts have generally refused to extend the discovery rule without statutory authority to do so." *Id*.  (emphasis added).

In this case, the new Plaintiffs allege that they have suffered the same symptoms, including headaches and dizziness, since their alleged exposure to carbon monoxide gas in December 2005.  Although the new Plaintiffs contend that they were not aware of the permanent nature of their injuries until a later, unspecified date, "a plaintiff's lack of knowledge as to the extent of his injury does not toll a statute of limitations to which the discovery rule is applied." *Bulk Terminals*, 2007 Ky. App. LEXIS 78, at *8-9; *Douthitt v. E.I. Dupont de Nemours & Co.*, 1999 U.S. App. LEXIS 10647, at *4 (6th Cir. May 20, 1999) (citing *Louisville Trust Co.*, 580

-9-

S.W.2d at 550; *Caudill*, 481 S.W.2d 668, 669).  Accordingly, the new Plaintiffs knew of their injuries for purposes of the statute of limitations at the latest on December 12, 2005, the last day of the alleged release of carbon monoxide gas.

Moreover, the facts of this overwhelmingly indicate that the new Plaintiffs could have known that Atlas and Unarco were the likely tortfeasors within the one-year period afforded by KRS § 413.140(1)(a).  As in *GMRI*, the new Plaintiffs' counsel represents other Plaintiffs who brought their suit within the statute of limitations, and "[t]his suggests that with reasonable diligence, [the new Plaintiffs] could have known within the year that [Atlas and Unarco were] the likely tortfeasors."  *GMRI*, 2007 Ky. App. LEXIS, at * 6.  Further, it is undisputed that both Wal-Mart and the Occupational Health and Safety Administration ("OSHA") conducted investigations into the incident, and that any Plaintiffs, including some of the new Plaintiffs, were paid for the days they called in sick as a result of the incident.

In summary, the Court finds that this case is governed by the reasoning articulated in *GMRI* and *McClain*, rather than *Louisville Trust* and *Lipster*.  The new Plaintiffs' injuries manifested immediately, and it is immaterial that the Plaintiffs did not recognize the extent or permanency of their injuries until a later date.  Further, the new Plaintiffs had a duty to exercise reasonable diligence to discover the cause of their injuries and failed to do so.  This conclusion is supported by the fact that the original Plaintiffs timely-filed suit, as well as the fact that both Wal-Mart and OSHA conducted investigations into the alleged discharge.   Under these circumstances, the discovery rule cannot toll the statute of limitations, and the new Plaintiffs were required to file their claims by December 2006.  The new Plaintiffs failed to file their

claims until March 22, 2007, and thus, Atlas' and Unarco's motions for summary judgment will be granted.

Additionally, because the claims of the new Plaintiffs are barred, the consortium claims asserted by their spouses are likewise untimely under KRS § 413.140(a)(1). Under Kentucky law, "loss of consortium is not a separate 'bodily injury' but is derivative of the injured party's bodily injury claim." *Daley v. Reed*, 87 S.W.3d 247, 248-49 (Ky. 2002). Therefore, the consortium Plaintiffs also had until December 2006 to file their claims, and any claims asserted for the first time in the Amended Complaint are time-barred. Accordingly, Unarco's motion for summary judgment against certain consortium Plaintiffs will also be granted.

### IV.    CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Atlas' and Unarco's Motions for Summary Judgment against Plaintiffs Stephen King, Anna McClure, Ricky Trent, Kathy Trent, James Helton, Jamey Hill, Chrystal Hill, Clifford Sage, Kimberly Sage, Billy Rhodes, Danny Pittman, Gary Patterson, Bennie Swift, Sarah Swift, David Spurlock, Elaine Spurlock, Sean Shupe, Glenna Shupe, Stephen Bush, Lora Bush, and Dora Keley [Record Nos. 235 and 237] are **GRANTED**. The claims asserted by these Plaintiffs are **DISMISSED**, with prejudice, from this action.

This 20th day of June, 2008.



Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**

-11-