UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| WILLIAM HARRIS ASHER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 6: 06-548-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNARCO MATERIAL HANDLING, | ) | **MEMORANDUM OPINION** |
| INC., and ATLAS MATERIAL | ) | **AND ORDER** |
| HANDLING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Plaintiffs' motion to preclude the Defendants from using at trial the new opinions of defense experts Michael Mariscalco, P.E. ("Mariscalco") and Phillip Hayden, Ph.D., P.E. ("Hayden"). For the reasons discussed below, the Court will grant the Plaintiffs' motion.

## I.    BACKGROUND

The original Scheduling Order in this case was entered on February 1, 2007. [Record No. 17] It required the Plaintiffs to provide the identity of their proposed expert witnesses and submit their expert witness reports no later than September 3, 2007. Further, it required the Defendants to disclose their experts and submit their reports no later than November 1, 2007. This order was amended on September 4, 2007, to extend the Plaintiffs' expert disclosure deadline to November 1, 2007, and the Defendants' expert disclosure deadline to February 1, 2008. [Record No. 91]

The record reflects that, in compliance with the amended Scheduling Order, [Record No. 91], the Plaintiffs disclosed their experts and submitted their reports on November 1, 2007. Subsequently, Defendant Atlas Material Handling, Inc.'s ("Atlas") counsel filed a motion for leave to withdraw. Thereafter, Atlas' new counsel entered an appearance and filed a motion for stay of discovery and to extend certain pretrial deadlines, including those relating to expert witnesses. On November 30, 2007, the Court granted Atlas' new counsel's motion and extended the deadline for the Defendants to disclose expert witnesses and to provide written reports until April 1, 2008. The Court also established that all pretrial discovery related to expert witnesses should be completed no later than June 16, 2008.

The Defendants disclosed their experts and provided a copy of their reports, including those of Mariscalco and Hayden, on April 1, 2008.[1] Mariscalco's report is two pages in length and primarily contains his opinion that the refrigerated warehouse facility was not designed in accordance with a 1996 Kentucky building code provision. In his report, Mariscalco also opines that the owners and occupants of the building were constructively on notice that ventilation was required.

Hayden's report is a three page document. In the report, Hayden sets forth his opinion that it is "impossible" to reconstruct the conditions that led to the alleged carbon monoxide poisoning of December 2005. Specifically, he states that the Plaintiffs' experts used inaccurate assumptions when they modeled the conditions in the freezer and that the Plaintiffs' experts failed to determine the actual amount of time each worker spent in the freezer. As a result, he

---

[1]     The Defendants did not provide the IME reports of Dr. Barry Gordon or Dr. Robert Granacher on this date. However, the parties agreed that the Defendants could provide those reports on April 14, 2008.

opines that inaccurate assumptions undermined the reliability of the carbon monoxide output test results obtained by the Plaintiffs' experts.

Plaintiffs' counsel was scheduled to take the deposition of Mariscalco and Hayden on May 8, 2008.  Prior to the start of the deposition, the Defendants informed the Plaintiffs that Mariscalco and Hayden would be testifying to matters not contained in their reports.  Specifically, they informed the Plaintiffs that Mariscalco and Hayden had performed tests and formulated opinions regarding the amount of carbon monoxide released into the freezer at the time of the employees' alleged contamination.  The Defendants acknowledged that these opinions were not fully outlined in Mariscalco and Hayden's initial reports.  In addition, they indicated that Mariscalco and Hayden had been working on their opinions since February but, at the time of their depositions, had not finished calculating their results and formulating their final opinions.

The Plaintiffs argue that the Defendants have failed to comply with Rule 26(a) and that they should be precluded from using or presenting at trial any opinion testimony from Mariscalco and/or Hayden beyond what is contained in their reports.  According to the Plaintiffs, they have been prejudiced by the Defendants' failure to timely disclose Mariscalco's and Hayden's new opinions.  Specifically, they note that they were provided with over 3,000 documents relating to these new opinions on the morning of Mariscalco's and Hayden's depositions and were unable to adequately prepare for cross examination.  Additionally, the Plaintiffs argue that Mariscalco and Hayden should not be permitted to testify to these new opinions because they are duplicative of the subject matter testified to by Charles Guinther and

Larry Goodwin, Defendants' engineer experts, and that the "Defendants obviously want[] two bites at the apple and intend[] to have two sets of experts on the same issues." [Record No. 271]

In response, the Defendants contend that the Court should admit all of the expert opinions of Mariscalco and Hayden. While they acknowledge that the opinions at issue were not contained in their expert reports, they argue that these opinions were simply "natural continuations and extensions of the opinions" disclosed in the April 1 reports. [Record No. 277] Further, the Defendants argue that the Plaintiffs waived their right to object to these new opinions and assumed the risk of prejudice when they deposed the experts despite knowing that the opinions might go beyond the scope of the written reports. Finally, they assert that even if they violated Rule 26(a) by not disclosing the opinions in the reports, preclusion of the opinions is too harsh and that a lesser remedy is available to cure any prejudice suffered by the delay.[2]

## II.    DISCUSSION

Expert disclosures, pursuant to Rule 26, require the filing of a report containing the expert's opinions and the basis for those opinions, the data utilized by the expert in forming his opinion, any exhibits to be used, a list of all publications authored by the expert within the past 10 years, the compensation to be paid to the witness, a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the proceeding four years, and the expert's address and telephone number. Fed.R.Civ.P. 26(a)(2)(A)-(2)(C). Rule 26(a)(2)(B)

---

[2]    The Defendants also contend that the Plaintiffs failed to comply with the procedural requirements of Local Rule 37.1 by filing the instant motion prior to attempting to resolve this matter among themselves or requesting a conference with the Magistrate Judge. However, as noted by the Plaintiffs, Magistrate Judge Wier entered an order on May 29, 2008, noting that the a motion to preclude expert testimony would not fall within the ambit of ¶ 5 of the Scheduling Order. [Record No. 270]

provides that an expert report shall contain a *complete* statement of all opinions to be expressed. Fed.R.Civ.P. 26(a)(2)(B). Moreover, under Rule 26(e)(1), a party has the affirmative obligation to supplement its prior disclosures which are incomplete when material additional information is learned and such information has not been previously disclosed during the discovery process or in writing. Rules 26(a)(2)(B) and 26(e)(1) require disclosures in advance of trial of the bases and reasons for an expert's opinions.

Rule 37 of the Federal Rules of Civil Procedure sets forth the consequences for a party's failure to provide Rule 26 expert disclosures. The Sixth Circuit has established that Rule 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26(a) unless the violations were harmless or were substantially justified. *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776 (6th Cir. 2003). The burden to prove harmlessness is on the potentially sanctioned party. *Id.* The Advisory Committee Notes to the 1993 Amendments to Rule 37 (including Rule 37(c)(1)), "strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003).

Having reviewed Mariscalco's and Hayden's reports, the Court finds that the Defendants have violated Rule 26(a). In particular, the Court notes that Mariscalco and Hayden's initial reports do not contain any references to their tests, calculations and opinions with respect to the carbon monoxide output from the generators and the degree of contamination in the freezer building. While the Defendants now argue that Mariscalco's and Hayden's new opinions were simply "natural continuations and extensions" of the opinions disclosed the expert reports, the

Court finds that this new opinion testimony was outside the scope of opinions contained in the original reports.

The Court also finds that the Defendants have failed to offer a substantial justification for their delay. The Defendants waited until the morning of Mariscalco's and Hayden's depositions to notify the Plaintiffs of these opinions, despite the fact that Mariscalco and Hayden had been working on their opinions for at least two months. Although the Defendants contend that the Plaintiffs have received sufficient notice of these new opinions, the Court notes that the experts have yet to offer a final opinion on these issues. At their deposition, the experts indicated that their testing was ongoing and that they had not verified their calculations or formulated a final opinion.

The discovery period has now concluded and the Court believes that the Plaintiffs' motion is well taken under the current posture of this case. The Defendants have, in essence, conceded that they violated Rule 26 inasmuch as they acknowledge that they did not provide Plaintiffs' counsel with notice that Mariscalco and Hayden were planning to testify to opinions "which might not be fully outlined" in their April 1 reports. In addition, the Court notes that the record reflects that Mariscalco's and Hayden's new opinions are duplicative of subjects addressed by other defense experts. Based on all these factors, the Court cannot conclude that the Defendants' actions have been "relatively harmless." *Roberts*, 325 F.3d at 783.

In *Roberts v. Galen of Virginia, Inc.*, the Sixth Circuit held that when a party fails to produce a complete report as required by Rule 26(a)(2)(B), the appropriate sanction is to limit the expert to the opinions contained in the incomplete report, rather than excluding all of the

epxert's testimony.  *See Roberts*, 325 F.3d 776.  The court recognized that, although an incomplete report will provide an opposing party with notice of an expert's identity and the content of his opinion, district courts should limit the expert's testimony to those opinions contained in the incomplete report to avoid any prejudice to the opposing party and to satisfy Rule 37's mandatory-sanction requirement.

Based on the parties filings, arguments, and the record, the Court finds the Plaintiffs have been prejudiced by the Defendants' failure to abide by this Court's order and the Federal Rules of Civil Procedure.  Therefore, the Court will permit Mariscalco and Hayden to testify at trial but they will be required to confine their testimony to the opinions expressed in their April 1st reports.  Specifically, they will be precluded from offering opinions relating to their tests, calculations and opinions with respect to the amount of carbon monoxide output from the generators and the degree of contamination in the freezer building.

## III.    CONCLUSION

It is hereby **ORDERED** that the Plaintiffs' motion to preclude the Defendants from using at trial the new opinions of defense experts Michael Mariscalco, P.E. and Phillip Hayden, Ph.D., P.E. [Record No. 271] is **GRANTED**.

This 24th day of June, 2008.

