## **INSTRUCTION NO.**

"Ordinary care" as applied to Atlas Material Handling, Inc., Unarco, Inc., and their subcontractors, agents or employees, means such care as the jury would expect an ordinarily prudent person and/or company engaged in the rack repair business and/or maintaining and supervising all safety precautions and programs to exercise under similar circumstances.

## **INSTRUCTION NO. \_\_\_\_**

The Court has determined and now instructs you that, through its contract with Wal-Mart, Unarco undertook to be totally responsible for safety in connection with the rack repairs work in the Wal-Mart freezer building, including by having all of the rack repair operations conducted in compliance with OSHA and other safety regulations. Through this undertaking, Unarco became responsible for the safety of all workers who might be injured by dangerous or unsafe conditions that were created by the rack repair operations, including both the workers hired by Unarco or other companies, like Atlas Material Handling, to whom Unarco delegated performance of the rack repairs, and the Wal-Mart workers who would be working in the freezer building where the rack repair operations were to be conducted.

The Court further instructs you that, because of Unarco's undertaking to be responsible for safety as set out in its contract with Wal-Mart, Unarco is responsible for the *absence* of any safety measures that should have been taken to comply with safety regulations, including OSHA regulations.

Therefore, in considering the issue of negligence on the part of Unarco, you must determine whether Unarco used reasonable care for the safety of the workers in the freezer building, including the Plaintiff Wal-Mart workers, in connection with the performance of the rack repair operations.

## **INSTRUCTION NO. _____**

It was the duty of Unarco Material Handling, Inc., pursuant to their contract, to be totally responsible for the safety of the rack repair project.  This duty included to initiate, maintain and supervise all safety precautions and programs for the rack repair project.

## **INTERROGATORY NO. \_\_\_\_**

Do you believe from the evidence that Unarco, through its agents and/or employees, failed to comply with its contractual duties as stated in Instruction No. \_\_\_\_, and that such failure was a substantial factor in causing plaintiffs' injuries?

    YES _____               NO _____

                                          _____
                                          FOREPERSON

## **INSTRUCTION NO. \_\_\_\_\_**

It was the duty of Unarco generally at all times during the rack repair project to initiate, maintain and supervise the safety precautions and programs, but its general duty included the following specific duty:

(1) Not to contaminate ambient air in the freezer to a level greater than 50 ppm at any time during the rack repair project.

## **INTERROGATORY NO. \_\_\_\_**

Are you satisfied from the evidence that Unarco, including its agents and/or employees, failed to comply with its duty and such failure was a substantial factor in causing plaintiffs' injuries?

YES _____       NO _____

_____
FOREPERSON

Kentucky Administrative Regulations, Title 803, Environmental and Public Protection Cabinet Department of Labor, Chapter 2, Occupational Safety and Health; 803 KAR 2:320; 29 C.F.R. §1910-1000; 29 C.F.R. §1926.57; 29 C.F.R. §1910.252; *Grayson Fraternal Order of Eagles, Inc. v. Claywell*, 736 S.W.2d 328 (Ky. 1987) [citing, *M & T Chemicals, Inc. v. Westrick*, 525 S.W.2d 740 (Ky. 1974)].

## **INSTRUCTION NO. _____**

It was the duty of Unarco generally at all times during the rack repair project to initiate, maintain and supervise the safety precautions and programs, but its general duty included the following specific duty:

(1) Provide and arrange local exhaust ventilation which shall be designed to prevent dispersion into the air of fumes, vapors and/or gases in concentrations causing harmful exposure. Such exhaust systems shall be so designed that fumes, vapors or gases are not drawn through the work area of employees. The exhaust ducts or apparatus shall be so designed, constructed, maintained and operated as to insure the required protection by maintaining a volume and velocity of exhaust air sufficient to gather the fumes, vapors or gases from said equipment or process, and to convey them to suitable points of safe disposal, thereby preventing their dispersion in harmful quantities into the atmosphere where employees work.

## **INTERROGATORY NO. \_\_\_\_**

Are you satisfied from the evidence that Unarco, including its agents and/or employees, failed to comply with its duty and such failure was a substantial factor in causing plaintiffs' injuries?

    YES _____        NO _____

                   _____
                   FOREPERSON

**INSTRUCTION NO. \_\_\_\_\_**

It was the duty of Unarco generally at all times during the rack repair project to initiate, maintain and supervise the safety precautions and programs, but its general duty included the following specific duty:

(1) Not to permit use of a generator or welder in a confined space without using ventilations systems sufficient to keep the ambient air in the freezer to a level less than 50 ppm at any time during the rack repair project.

**INTERROGATORY NO. \_\_\_\_**

Are you satisfied from the evidence that Unarco, including its agents and/or employees, failed to comply with its duty and such failure was a substantial factor in causing plaintiffs' injuries?

YES _____          NO _____

_____
FOREPERSON

When the failure to comply with an applicable safety regulation is either undisputed or proven to the extent that reasonable minds cannot differ, the only issue bearing on liability is the question of legal causation. *Blue Grass Restaurant v. Franklin*, 424 S.W.2d 594 (Ky. 1968). Palmore, <u>Kentucky Instructions to Juries</u>, §24.08 (6/2008 Ed.).

## **INSTRUCTION NO. \_\_\_\_**

If you answered yes to any of Instructions numbered \_\_\_\_\_, you have found against defendant Unarco.  If you answered yes to any of Instructions numbered \_\_\_, you have also found against non-party Atlas.

You will determine from the evidence and indicate in the following blank spaces what percentage of the total fault was attributable to each of the corporations you have found to have been at fault, as follows:

| | |
|---|---|
| Unarco Material Handling, Inc. | _____ % |
| Atlas Material Handling, Inc. | _____ % |
| TOTAL | 100 % |

In determining the percentages of fault you shall consider both the nature of the conduct of each of the companies you have found to be at fault and the extent of the causal relation between its conduct and the damages claimed.

_____
FOREPERSON

## **INSTRUCTION NO. \_\_\_\_**

If you have answered "Yes" to any of Instruction Nos. \_\_\_\_\_, \_\_\_\_ or \_\_\_\_, you shall award _____ a sum of money that will fairly and reasonably compensate her for the loss of services, assistance, aid, society, companionship, and conjugal relationship of her husband that you believe from the evidence that she has sustained or is reasonably certain to sustain in the future as a result of his injuries.

(a) Damages for _____
that will fairly and reasonably compensate
her for the loss of services, assistance, aid,
society, companionship and conjugal
relationship of her husband
(not to exceed $_____)                                         $_____



_____
FOREPERSON

# INSTRUCTION NO. _____

Without considering the fault of any party, the Court instructs the Jury that you will award _____ such sums of money as you believe from the evidence will fairly and reasonably compensate him for such of the following damages that he sustained by reason of the carbon monoxide exposure.  Further, as to each item of damage below listed, _____ should be compensated for losses attributable or related to a pre-existing condition to the extent that such pre-existing condition was aroused or aggravated by the exposure.

(a) The physical and mental pain and suffering which he has endured as a result of the injuries about which you have heard evidence [not to exceed $_____]:    $_____

(b) The physical and mental pain and suffering he is reasonably certain to endure in the future [not to exceed $_____]:    $_____

(c) The permanent impairment of his power to earn money in the future [not to exceed $_____]:    $_____

(d) Wages or income lost to date: [not to exceed $_____]:    $_____

(e) Reasonable expenses for medical and related services he has incurred, including counseling and/or psychiatric care  [not to exceed $_____]:    $_____

(f) Reasonable expenses for medical and related services he is reasonably certain to endure in the future [not to exceed $_____]:    $_____

TOTAL    $_____

Palmore, Kentucky Instructions to Juries, §16.34 (1977; 1989); Drury v. Spalding, Ky., 812 S.W.2d 713 (1991).