**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION at LONDON**
**CIVIL ACTION NO. 6:06-CV-548-ART**

*Electronically Filed December 13, 2008*

WILLIAM HARRIS ASHER, et al.                                          PLAINTIFFS

v.                 **REVISED PROPOSED JURY INSTRUCTIONS OF THE**
                   **DEFENDANT UNARCO MATERIAL HANDLING, INC.**

UNARCO MATERIAL HANDLING, INC. and
ATLAS MATERIAL HANDLING, INC.                                        DEFENDANTS

***        ***        ***        ***        ***

Comes the defendant, Unarco Material Handling, Inc. (hereinafter "Unarco"), by

counsel, pursuant to Fed. R. Civ. P. 51 and the Court's oral Order on December 8,

2008, hereby tenders its revised proposed jury instructions.

Respectfully submitted,

STOLL KEENON OGDEN PLLC

Perry M. Bentley
Todd S. Page
Eileen M. O'Brien
David C. Schwetschenau
Carl N. Frazier
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507
(859) 231-3000 telephone
(859) 253-1093 facsimile

By: /s/Perry M. Bentley_____
       COUNSEL FOR THE DEFENDANT
       UNARCO MATERIAL HANDLING, INC.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and accurate copy of the foregoing was forwarded via

electronic mail this 13th day of December, 2008 to the following:

Thomas K. Herren
Doug Langdon
Charles S. Cassis
Don Russo
Elizabeth Russo
Lynn L. Audie
B. Clark Batten, II
Matthew Mazur

/s/Perry M. Bentley
COUNSEL FOR THE DEFENDANT
UNARCO MATERIAL HANDLING, INC.

108951.125766/3612649.5

**INSTRUCTION NO. 1**

*Duties of Jury to Find Facts and Follow Law*

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

<u>**Authority:**</u>

Ninth Circuit Model Civil Jury Instruction 3.1.

**INSTRUCTION NO. 2**

***Bias***

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in these instructions, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in this case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party.  Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar situations in life.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.  Do not let bias, prejudice of sympathy play any part in your deliberations.

**<u>Authority:</u>**

Modern Federal Jury Instructions Civil 71-1 (adapted).

**INSTRUCTION NO. 3**

***Corporate Parties***

In this case, the defendant is a corporation. The mere fact that the defendant is a corporation does not mean it is entitled to any lesser consideration by you.  All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

<u>**Authority:**</u>

Modern Federal Jury Instructions Civil 72-1.

**INSTRUCTION NO. 4**

***What Is and What Is Not Evidence***

The evidence from which you are to decide what the facts are consists of:

1)    the sworn testimony of any witness;

2)    the exhibits which have been received into evidence; and

3)    any facts to which the lawyers have agreed or stipulated.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority:**

Ninth Circuit Model Civil Jury Instructions 3.2, 3.3.

**INSTRUCTION NO. 5**

***Evidence***

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**INSTRUCTION NO. 6**

***Direct and Circumstantial Evidence***

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.

As an example, *direct evidence* that it is raining is testimony from a witness who says, "I was outside a minute ago, and I saw it raining."  *Circumstantial evidence* that it is raining is the observation of someone entering a room carrying a wet umbrella.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**<u>Authority:</u>**

Ninth Circuit Model Civil Jury Instruction 3.5 (adapted).

**INSTRUCTION NO. 7**

*Inferences*

During the trial you have heard the attorneys use the term "inference," and in their argument they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion or guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiffs ask you to draw one set of inferences, while the defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw – but not required to draw – from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should use your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

**Authority:**

Modern Federal Jury Instructions Civil 75-1.

**INSTRUCTION NO. 8**

***Credibility of Witnesses***

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1)      the opportunity and ability of the witness to see or hear or know the things testified to;

2)      the witness' memory;

3)      the witness' manner while testifying;

4)      the witness' interest in the outcome of the case and any bias or prejudice;

5)      the witness' relationship to a plaintiff or defendant;

6)      whether other evidence contradicted the witness' testimony;

7)      the reasonableness of the witness' testimony in light of all the evidence; and

8)      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**<u>Authority:</u>**

Ninth Circuit Model Civil Jury Instruction 3.6.

**INSTRUCTION NO. 9**

***Opinion Evidence, Expert Witnesses***

When knowledge of technical subject matter may be helpful to a jury, a person who has special training or experience in that technical field—that person is called an expert witness—is permitted to state an opinion on those technical matters.  As I informed you before trial, expert witnesses customarily are paid for their testimony, and in this case expert witnesses for both sides have been paid for their services.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Authority:**

Ninth Circuit Model Civil Jury Instruction 3.7.

**INSTRUCTION NO. 10**

***Charts and Summaries Received and Not Received in Evidence***

Certain charts and summaries *have been received* into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Certain charts and summaries that *have not been received* in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

<u>**Authority:**</u>

Ninth Circuit Model Civil Jury Instructions 3.9, 3.10 (adapted).

**INSTRUCTION NO. 11**

***Impeachment Evidence – Witness***

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness falsely testified concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe a witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

**Authority:**

Ninth Circuit Model Civil Jury Instruction 3.12.

**INSTRUCTION NO. 12**

***Preponderance of the Evidence***

The burden is on the plaintiff in a civil action such as this to prove every essential element of his or her claim by a "preponderance of the evidence."  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.  If the proof should fail to establish any essential element of a plaintiff's claim by a preponderance of the evidence, the jury should find for Unarco as to that claim.

**Authority:**

Federal Jury Practice and Instructions (Fifth Edition) § 104.01 (adapted).

**INSTRUCTION NO. 13**

***Clear and Convincing Evidence***

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue.  Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard.  This standard does not require proof of an absolute certainty, since proof of an absolute certainty is seldom possible in any case.

<u>**Authority:**</u>

Federal Jury Practice and Instructions (Fifth Edition) § 104.02.

**INSTRUCTION NO. 14**

***Depositions***

Certain testimony has been presented to you through deposition.  A deposition is the sworn, recorded answers to questions asked a witness in advance of trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned certain witnesses under oath.  A court reporter was present and recorded the testimony. The questions and answers were read, or shown, to you during the trial.   This deposition testimony is entitled to the same consideration, and is to be judged by you as to credibility, as if the witness had been present and had testified from the witness stand here in court.

<u>Authority:</u>

Fifth Circuit Model Civil Jury Instruction No. 2.23.

**INSTRUCTION NO. 15**

***Stipulations***

      The parties have agreed, or stipulated, to certain matters.  This means that both sides agree that any such "stipulation" is a fact.  You must therefore treat any such facts as having been proved.

**<u>Authority:</u>**

Fifth Circuit Model Civil Jury Instruction No. 2.3 (adapted).

**INSTRUCTION NO. 16**

***Notes***

Any notes that you have taken during this trial are only aids for your memory.  If your memory differs from your notes, you should rely upon your memory and not the notes.  The notes are not evidence.  If you have not taken notes, you should rely upon your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight that the recollection or impression of each juror about the testimony.

**Authority:**

Fifth Circuit Model Civil Jury Instruction No. 2.21

**INSTRUCTION NO. 17**

*Contracts*

Certain contractual agreements between Unarco and Wal-Mart, and between Unarco and Atlas have been received into evidence in this case.  None of the plaintiffs were parties to these contracts, and none of the plaintiffs are considered third-party beneficiaries under these contracts.  As such, when considering evidence related to contract language, you should not assign to the plaintiffs any rights or benefits under any provisions of any of these contracts unless specifically instructed by this Court.  In this regard, even if you believe that the actions of Unarco constituted a breach or violation of certain contract language, you should not likewise conclude that plaintiffs are entitled to any damages resulting from such violation of contract duties.  The only duties owed to the plaintiffs by Unarco are those duties set forth in these instructions.

**Authority:**

Sexton v. Taylor County, 692 S.W.2d 808 (Ky. App. 1985) ("The only parties having... rights [under a contract] are donee beneficiaries and creditor beneficiaries."); Krahwinkel v. Commonwealth Aluminum Corp., 183 S.W.3d 154, 162 (Ky. 2005) ("Under Kentucky law, before a third person who is not a party to a contract can derive benefit from that contract, the third person must show that the contract was made and entered into directly or primarily for the benefit of the third person."); King v. National Industries, Inc., 512 F.2d 29, 33 (6th Cir. 1975).

**INSTRUCTION NO. 18**

***Negligence of RCI***

A prior dispute involving a third party, RCI, is no longer part of this trial.  The Court has determined that during the rack repair work, RCI's employees were the employees of Atlas Material Handling.  To the extent you believe RCI bears any responsibility for the plaintiffs' damages, you should assign that responsibility to Atlas when answering Question No. 23A.

<u>**Authority:**</u>

Federal Jury Practice & Instructions (Civil) § 103.15; Memorandum Opinion and Order (D.E. 276) (holding that the RCI crew members are the borrowed servants of Atlas).

**INSTRUCTION NO. 19**

***"Ordinary Care" Defined***

"Ordinary care" means such care as the jury would expect an ordinarily prudent company to exercise under the same or similar circumstances.

**Authority:**

Palmore, Kentucky Instructions to Juries § 14.04 (adapted).

**INSTRUCTION NO. 20**

***Unarco's Duties***

In this case, plaintiffs allege that Unarco has committed the type of fault the law calls negligence, but this is only one of the elements of plaintiffs' claim.  In order to prevail, plaintiffs must establish all the essential elements of their case.

Those elements are as follows:

That Unarco undertook to render services, in this case rack repairs, to Wal-Mart; that performing these rack repairs was necessary for the protection of Wal-Mart's employees; that Unarco should have recognized that performance of these rack repairs was necessary for the protection of Wal-Mart employees; that Wal-Mart owed an obligation to protect the safety of its employees in conjunction with these rack repairs; that Wal-Mart expressly delegated to Unarco all safety obligations owed to its own employees in connection with the rack repairs; that Wal-Mart completely relinquished its own safety obligations to its own employees by delegating the rack repair obligations to Unarco; that Unarco through affirmative conduct failed to exercise reasonable care in the performance of the rack repairs; that the injuries sustained by each plaintiff were in fact caused by the affirmative conduct of Unarco; and that there was actual damage to the plaintiff's person.


***QUESTION NO. 20A***

Do you believe from the evidence that it was necessary for Wal-Mart to repair its racks at the Wal-Mart distribution center in order to protect its employees?

_____ Yes                    _____ No

**QUESTION NO. 20B**

Do you believe from the evidence that Unarco should have recognized that it was necessary for Wal-Mart to repair its racks in order to protect Wal-Mart's employees?

_____ Yes                    _____ No

**QUESTION NO. 20C**

Do you believe from the evidence that Wal-Mart owed a duty to protect the safety of its employees in connection with the repairing of the racks?

_____ Yes                    _____ No

**QUESTION NO. 20D**

Do you believe from the evidence that Wal-Mart expressly delegated to Unarco all safety duties owed by Wal-Mart to its own employees in connection with the rack repairs?

_____ Yes                    _____ No

**QUESTION NO. 20E**

Do you believe from the evidence that, in delegating to Unarco, Wal-Mart completely relinquished those safety obligations it owed to its own employees?

_____ Yes                    _____ No

**QUESTION NO. 20F**

Do you believe from the evidence that Unarco through affirmative conduct failed to exercise ordinary care, as that term is defined at Instruction No. 19, in the performance of the rack repairs?

_____ Yes                    _____ No


**QUESTION NO. 20G**

Do you believe from the evidence that Unarco's failure to exercise reasonable care in the performance of the rack repairs was a substantial factor in causing Plaintiffs' claimed injuries?

_____ Yes                    _____ No


*If you answered NO to any of Questions No. 20A to 20G, please stop and return to the Courtroom.*

*If you answered YES to all of Questions 20A to 20G, proceed to Instruction No. 21.*


**<u>Authority</u>:**

The Restatement of Torts (Second) §324A(b) provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to [perform] his undertaking, if
>
> (b)      he has undertaken to perform a duty owed by the other to the third person…

Based on its plain language, the first requirement of §324A(b) is a finding that the actor to be charged has undertaken "to render services to another".  "Services" have been defined as the "performance of labor for the benefit of another." Rick v. RLC Corporation, 535 F. Supp. 39 (E.D. Mich, 1981).  By contract, the services rendered to Wal-Mart in this case were rack repairs.

Section 324A next provides that the services rendered are those that the actor to be charged "should recognize as necessary for the protection of a third person."  The courts have interpreted this portion of the Restatement as applying in the workplace only for duties owed by a delegor to a third party, in this case duties owed by Wal-Mart to its own employees, plaintiffs herein.  Blessing v. United States, 447 F. Supp. 1160 (E.D. Pa. 1978); Good v. Ohio Edison Co., 149 F. 3d 413, 420 (6th Cir. 1998).

The next requirement of §324A with respect to those services that are being rendered is that the actor to be charged must fail "to exercise reasonable care to perform his undertaking" to render services.  This appears to be where the drafters of the Restatement included the requirement of a finding of negligence, typically defined under Kentucky law as a failure to exercise ordinary care.

Finally, liability is only imposed under §324A(b) in those circumstances in which the actor to be charged "has undertaken to perform a duty owed by the other [Wal-Mart] to the third person [each named plaintiff]."  This subsection of §324A has been judicially determined to apply only in situations in which the actor's undertaking was intended to supplant and not merely supplement the duty of the employer.  Heinrich v. Goodyear Tire & Rubber, 532 F. Supp. 1348, 1355 (D. Md. 1982); Bujol v. Entergy Services, 922, So.2d 1113 (La. 2004); Blessing v. United States, 447 F. Supp. 1160 (E.D. Pa. 1978); BP Exploration & Oil v. Jones, 558 S.E.2d 398 (Ga. 2001); Davis v. Liberty Mutual Insurance Company, 525 F.2d 1204, 1207-08 (5th Cir. 1976); Sheridan v. NGK Metals Corp., 2008 U.S. Dist. LEXIS 40926 (E.D. Pa. 2008).

Likewise, §324A(b) has been interpreted to require independent affirmative conduct by the actor to be charged beyond any contract language relied upon to form the basis of the duty.  Presnell Construction v. EH Construction, 134 S.W.3d 575, 579 (Ky. 2004); Howell v. Hartford Steam Boiler Inspection, 1993 U.S. App. LEXIS 8037 (6th Cir. 1993); Madison Newspapers v. Pinkerton's, 545 N.W.2d 843, 846 (Wis. 1996); Clemence v. Maryland Casualty Company, 633 N.W.2d 277 (Wis. 2001); Grynberg v. Agri-Tech, Inc., 985 P.2d 59, 62 (Col. 1999); Dowling v. American District Telegraph Co., 1988 U.S. Dist. LEXIS 10137 (N.D. Ill. 1988).

**INSTRUCTION NO. 21**

***Atlas' Duties***

It was the duty of Atlas and its employees or agents, including RCI, to exercise ordinary care for the safety of persons at the Wal-Mart Distribution Facility.

In addition to its general duty of care, it was the absolute and non-delegable duty of Atlas and its employees or agents, including RCI, to comply with all regulations under the Occupational Safety and Health Act (OSHA) for the protection of persons at the Wal-Mart Distribution Facility, and such duty included the following specific duties:

a)     to prevent exposure to an amount of carbon monoxide greater than 50 parts per million on a 8-hour time weighted average;

b)     to initiate and maintain such programs as necessary to provide for frequent and regular inspections of the job site, materials, and equipment;

c)     to prevent the use of any machinery, tool, material, or equipment that is unsafe;

d)     to prevent the use of machinery or equipment by those not qualified by training or experience to operate them;

e)     to instruct each employee in the recognition and avoidance of unsafe conditions and the regulations applicable to the work environment to control or eliminate any hazards or other exposure to illness or injury;

f)     to instruct each employee in the safe handling and use of poisons, caustics, and other harmful substances, including potential hazards, personal hygiene, and personal protective measures required; and

g)     to instruct each employee regarding the nature of hazards involved in working within confined or enclosed spaces, including the necessary precautions to be taken and in the use of protective and emergency equipment required.

These duties are non-delegable.  Atlas cannot satisfy these duties by contracting with another party.


## *QUESTION NO. 21A*

Are you satisfied from the evidence that Atlas, by and through its agents and employees, including RCI, failed to comply with one or more of its duties set forth in Instruction No. 21 and that such failure was a substantial factor in causing the plaintiffs' claimed injuries?

_____ Yes                    _____ No


### Authority:

29 U.S.C. 654 (a), (b); KRS 338.031; Bianchi Trison Corp. v. Choa, 409 F.3d 196, 209 (3d Cir. 2005) ("[A] company cannot evade its safety and health responsibilities to its workers simply by contracting away the responsibilities mandated under the OSH Act."); 29 C.F.R. 1910.1000 (Table Z-1); 29 C.F.R. 1926.55(a); 29 C.F.R. 1926.20(b)(1); 29 C.F.R. 1926.20(b)(2); 29 C.F.R. 1926.20(b)(3); 29 C.F.R. 1926.20(b)(4); 29 C.F.R. 1926.21(b)(2); 29 C.F.R. 1926.21(b)(3); 29 C.F.R. 1926.21(b)(6)(i).

**INSTRUCTION 22**

***Wal-Mart's Duties***

It was the absolute and non-delegable duty of Wal-Mart to furnish to each of its employees a place of employment that is free from recognized hazards that cause or are likely to cause death or seriously physical harm to its employees.  Wal-Mart cannot avoid responsibility for the safety of its employees by attempting to contract that general duty.

In addition to its general duty of care, it was the absolute and non-delegable duty of Wal-Mart to comply with all regulations under the Occupational Safety and Health Act (OSHA) for the protection of its employees, and such duty included the following specific duties:

a)      to prevent exposure to an amount of carbon monoxide greater than 50 parts per million on a 8-hour time weighted average;

b)      to initiate and maintain such programs as necessary to provide for frequent and regular inspections of the job site, materials, and equipment;

c)      to prevent the use of any machinery, tool, material, or equipment that is unsafe;

d)      to prevent the use of machinery or equipment by those not qualified by training or experience to operate them;

e)      to instruct each employee in the recognition and avoidance of unsafe conditions and the regulations applicable to the work environment to control or eliminate any hazards or other exposure to illness or injury;

f)      to instruct each employee in the safe handling and use of poisons, caustics, and other harmful substances, including potential hazards, personal hygiene, and personal protective measures required; and

g)      to instruct each employee regarding the nature of hazards involved in working within confined or enclosed spaces, including the necessary precautions to be taken and in the use of protective and emergency equipment required.

These duties are non-delegable.  Wal-Mart cannot satisfy these duties by contracting with another party.


**QUESTION NO. 22A**

Are you satisfied from the evidence that Wal-Mart failed to comply with one or more of its duties set forth in Instruction No. 22 and that such failure was a substantial factor in causing the plaintiffs' claimed injuries?


_____ Yes              _____ No


**Authority:**

29 U.S.C. 654 (a), (b); KRS 338.031; Bianchi Trison Corp. v. Choa, 409 F.3d 196, 209 (3d Cir. 2005) ("[A] company cannot evade its safety and health responsibilities to its workers simply by contracting away the responsibilities mandated under the OSH Act."); 29 C.F.R. 1910.1000 (Table Z-1); 29 C.F.R. 1926.55(a); 29 C.F.R. 1926.20(b)(1); 29 C.F.R. 1926.20(b)(2); 29 C.F.R. 1926.20(b)(3); 29 C.F.R. 1926.20(b)(4); 29 C.F.R. 1926.21(b)(2); 29 C.F.R. 1926.21(b)(3); 29 C.F.R. 1926.21(b)(6)(i).

**QUESTION NO. 23**

*Apportionment of Fault*

If you found against Unarco in response to Questions Nos. 20A to 20G and against either Atlas in Question 21A, against Wal-Mart in Question 22A, or against both, then you must determine whether Atlas Material Handling or Wal-Mart bear a relative percentage of the total fault for causing the plaintiffs' damages.

In determining the percentage of the fault, you shall consider both the nature of the conduct of each party and the extent that such conduct was a substantial factor in causing [each named plaintiff's] damages and/or injuries. The total must equal 100%.

If you do not find a party at fault in the Questions above, you must enter "0" beside that party's name.

*QUESTION NO. 23A*

What is the relative percentage of each party's fault as it relates to total fault?

Atlas Material Handling:                          _____%

Wal-Mart:                                                _____%

Unarco Material Handling:                       _____%


TOTAL:                                                       _____%
                                                        (Total must equal 100%)


**Authority:**

KRS 411.182.

**INSTRUCTION NO. 24**

*Compensatory Damages*

If you find that Unarco is liable to a plaintiff, then you must determine an amount that is fair compensation for all of that plaintiff's damages, if any.  Each separate plaintiff must prove his or her damages by a preponderance of the evidence.

These damages are called compensatory damages.   The purpose of compensatory damages is to make the plaintiffs whole—that is, to compensate the plaintiff for the damages that they have suffered.   Compensatory damages are not limited to expenses the plaintiffs may have incurred because of the injury.  If a plaintiff prevails, you may award the plaintiff compensatory damages for medical expense, lost wages or income, destruction of his power to earn money, and mental and physical suffering he suffered, if any, as a direct result of the conduct of RCI/Atlas, Wal-Mart, and/or Unarco.

In addition, you may award the plaintiffs' spouses compensation for loss of consortium she suffered, if any, as a direct result of the conduct of RCI/Atlas, Wal-Mart, and/or Unarco.  If you find for a plaintiff worker who was allegedly injured by carbon monoxide exposure, you will determine from the evidence and may award that plaintiff's spouse a sum of money that will fairly and reasonably compensate her for whatever loss of services, assistance, aid, society, companionship, and conjugal relationship of her husband you believe from the evidence she has sustained, if any, or is reasonably to sustain in the future as a direct result of his injuries, if any.

You may award compensatory damages only where the allegedly wrongful conduct of RCI/Atlas, Wal-Mart, and/or Unarco was a substantial factor in causing that

plaintiff's injuries.  You may award damages to some plaintiffs and not others.  The damages you award must be fair compensation for all of that plaintiff's damages, no more and no less.  You should not award compensatory damages for speculative injuries or preexisting injuries, but only for those damages which a plaintiff actually suffered, if any, as a result of carbon monoxide exposure alleged in this case or is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

### QUESTION NO. 24A:

If you answered YES to Question Nos. 20A through 20G, 21A, and/or 22A, you will determine from the evidence and award [each named plaintiff] a sum of money, if any, that will fairly and reasonably compensate him for the following damages, if any, as you believe from the evidence he has sustained directly by reason of his carbon monoxide exposure.

> Past & Future Medical Expenses, if any  $_____
>
> Past and Future Pain & Suffering, if any  $_____
>
> Lost wages, if any                                      $_____
>
> Destruction of the ability to earn, if any   $_____

***QUESTION NO. 24B:***

  If you answered YES to Question Nos. 20A through 20G, 21A, and/or 22A, you will determine from the evidence and award [each named spouse] a sum of money, if any, that will fairly and reasonably compensate her for the damages for loss of consortium, if any, as you believe from the evidence she has sustained directly by reason of her husband's carbon monoxide exposure.

    $_____

**INSTRUCTION NO. 25**

***Punitive Damages***

If you find for plaintiff Donald Greg Wells and award him a sum or sums in damages under Question No. 24A, and if you are further satisfied by clear and convincing evidence that in failing to comply with its duty to plaintiff Donald Greg Wells, if any, Unarco acted with gross negligence for the lives or safety of others, you may in your discretion award punitive damages against Unarco in addition to the damages awarded in Question No. 24A.

"Clear and convincing evidence" means evidence that produces in your mind a firm belief or conviction as to the matter at issue.  Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard.

"Gross negligence" means a failure to exercise ordinary care, and then an additional finding that this negligence was accompanied by either malice or willfulness or an utter and wanton disregard for the lives or safety of others, including Donald Greg Wells.

"Punitive damages" are damages awarded against Unarco for the purpose of punishing it for misconduct in this case and deterring it and others from engaging in similar conduct in the future.

Whether you make an award of punitive damages, in addition to compensatory damages, is a matter exclusively within your discretion.   If, however, you award punitive damages, in determining the amount thereof, you should consider the following factors:

a)      The likelihood at the time of any such misconduct by Unarco that serious harm would arise from it;

b)      The degree of Unarco's awareness of that likelihood;

c)      The profitability of any misconduct by Unarco;

d)      The duration of any misconduct and any concealment of it by Unarco; and

e)      Any actions by Unarco to remedy any misconduct once it became known to Unarco.

Evidence of Unarco's conduct occurring outside Kentucky or otherwise not directly involving Donald Greg Wells may be considered only in determining whether Unarco's conduct occurring in Kentucky was reprehensible, and if so, the degree of reprehensibility.  However, you must not use out-of-state evidence to award Donald Greg Wells punitive damages against Unarco, if any, for conduct that occurred outside Kentucky.

If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

In no case shall punitive damages be assessed against Unarco unless Unarco authorized, ratified, or should have anticipated the conduct in question.

### *QUESTION NO. 25A:*

Are you satisfied by clear and convincing evidence that Unarco authorized, ratified, or should have anticipated the conduct of Atlas/RCI?

YES   _____          NO   _____

***QUESTION NO. 25B:***

Are you satisfied by clear and convincing evidence that Unarco acted with wanton or reckless disregard for the life and safety of plaintiff Donald Greg Wells?

YES   _____          NO      _____

***QUESTION NO. 25C:***

If you have answered "YES" to Question Nos. 25A and 25B, what sum in punitive damages, if any, do you award against Unarco to plaintiff Donald Greg Wells?

$_____

**<u>Authority:</u>**

Palmore, Kentucky Instructions to Juries, 5th ed., §§ 14.07, 39.15; KRS 411.184; KRS 411.186; <u>Sand Hill Energy, Inc. v. Smith</u>, 142 S.W.3d 153, 166-67 (Ky. 2004) (setting forth acceptable jury instruction on punitive damages); <u>Phelps v. Louisville Water Co.</u>, 103 S.W.3d 46, 51-52 (Ky. 2003) (defining gross negligence in jury instruction context); <u>Williams v. Wilson</u>, 972 S.W.2d 260 (Ky. 1998).

**FINAL INSTRUCTIONS**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

You should not interpret the fact that I have given you instructions concerning the issue of the plaintiffs' damages as an indication that I believe the plaintiffs should, or should not, prevail in this case.  It is your task to decide whether the defendant, Unarco, is liable.  I am instructing you on damages only so you will have guidance in the event you decide that Unarco or a nonparty is liable and that plaintiffs are entitled to recover damages from this defendant.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal, signed by your presiding juror or by one or more

members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

A verdict form has been prepared for you.

After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Authority:**

Ninth Circuit Model Civil Jury Instructions 4.1 and 4.4 (adapted).