UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| WILLIAM H. ASHER, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil No. 06-548-ART |
| ) | |
| v. ) | |
| ) | |
| UNARCO MATERIAL HANDLING, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | **MEMORANDUM OPINION &** |
| v. ) | **ORDER** |
| ) | |
| LEXINGTON INSURANCE CO., ) | |
| ) | |
| Intervening Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

After the parties reported that they had settled this case, the Court followed its standard practice and issued an order discontinuing the case with prejudice. The order retained jurisdiction for sixty days so the parties could consummate the settlement and allowed the parties to move to reopen the case within that window for two reasons: (1) if the settlement was not finalized in that period, or (2) to have the court enter an agreed order of dismissal.

The Court issued its order on June 22, 2012. R. 889. Under Federal Rule of Civil Procedure 6(a)(1)(A), time began to run the next day, June 23, 2012. The sixty-day window

therefore closed on August 21, 2012.[1]

On August 22, 2012, one day past the window, the parties jointly moved to reopen the case because they needed more time to finalize their settlement agreement. R. 890. Apparently assuming the Court would grant the motion to reopen, the parties also moved (1) to vacate several of the Court's prior rulings in this case under Rule 60(b)(5) under the theory that prospective application of those rulings was no longer equitable, (2) to dismiss the case under Rule 41,[2] and (3) to stay proceedings pending a decision on the motion under Rule 62(b)(4). R. 891. Because the dismissal became final on August 21, 2012, the Court does not have jurisdiction to grant the motion to reopen. The motions to stay proceedings and to dismiss are therefore moot. Finally, a balancing of the equities shows that vacatur is not justified.

A court may retain jurisdiction over a dismissed action by imposing conditions on the dismissal. When it does so, the court's jurisdiction extends only to those conditions in the dismissal order. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994) (holding that the district court could not exercise post-dismissal jurisdiction to enforce a settlement agreement when its dismissal order contained no conditions retaining such jurisdiction).

---

[1] The three-day extension of time under Rule 6(d) does not apply because the deadline in the June 22, 2012, Order ran from "the date of [the] Order," R. 889 at 2, not "within a specified time after service." Fed. R. Civ. Proc. 6(d); *see also* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1171 (3d ed. 2012) ("[T]hree days will be added under Rule 6(e) [now Rule 6(d)] only when the period in question is measured from the service of a notice or other paper; the subdivision is inapplicable when some other act or event commences the time period. . . ."); *cf. CompuServe Inc. v. Saperstein*, 23 F. App'x 408, 409 (6th Cir. 2001) (holding then-rule 6(e) did not apply when a notice of appeal was required to be filed "within 30 days *after the judgment or order appealed from is entered*").

[2] The motion references Federal Rule of Civil Procedure 40, which the Court assumes was a typographical error.

Here the Court retained jurisdiction only for the sixty-day period following its order of dismissal. Had the parties filed their motion on or before August 21, 2012, the Court could have considered reopening the case. *See Mich. Reg'l Council of Carpenters v. New Century Bancorp, Inc.,* 99 F. App'x 15, 20 (6th Cir. 2004) (holding that the district court properly retained jurisdiction over the case after a motion to reopen was filed within the thirty-day window set by the court in its dismissal order); *see also Woolwine Ford Lincoln Mercury v. Consol. Fin. Res., Inc.*, 245 F.3d 791, at *1 (5th Cir. 2000) (unpublished table decision) (vacating the judgment of the district court enforcing a settlement agreement that occurred outside of the thirty-five day window for which the court retained jurisdiction in the dismissal order). Unfortunately they did not, so the Court lacks jurisdiction and cannot reopen the case under its Settlement Order.

The parties also ask the Court to vacate two of its previous orders under Federal Rule of Civil Procedure 60(b)(5). R. 891 at 5. But a balancing of the equities does not justify such an "extraordinary remedy." *Blankenship v. Blackwell*, 429 F.3d 254, 258 (6th Cir. 2005) (quotation omitted). The parties seek vacatur of two orders: the January 6, 2011 Memorandum Order and Opinion (2011 Order), R. 835, and the May 10, 2012 Memorandum Order and Opinion (2012 Order), R. 886. Rule 60(b)(5) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." The parties argue only that prospective application of the Court's previous orders is no longer equitable. R. 891 at 3–5. They are incorrect.

As an initial matter, vacatur under Rule 60(b)(5) is typically reserved for injunctions,

3

declaratory judgments, or consent decrees. *See Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 355 F.3d 574, 587 (6th Cir. 2004). The two orders at issue here do not resemble those types of judgments. The 2011 Order held that Unarco Material Handling, Inc. qualified as an additional insured under its subcontractor Atlas Material Handling Inc.'s insurance policy with Lexington Insurance Co. R. 835 at 16–17. It also held that Lexington breached its duty to Unarco under that policy by failing to defend Unarco in tort litigation arising out of Atlas's work. *Id.* The 2012 Order held that Unarco could not recover damages from Lexington for that breach of contract because Unarco's own insurer had already paid for its litigation costs. *See* R. 886 at 3–10. Taken together, the orders simply interpreted an insurance policy, found one party in breach of that policy, and denied the victim of that breach damages. Unlike injunctions, declaratory judgments, and consent decrees, the 2011 and 2012 Orders did not require any further supervision or intervention by the Court. *See Kalamazoo River Study Grp.*, 355 F.3d at 587 (defining prospective judgments as involving judicial "supervision of changing conduct or conditions").

The parties attempt to analogize the orders to a declaratory judgment because the insurance policy remains in force and the orders will govern conduct under the policy. *See* R. 891 at 4. But "[t]he mere possibility that a judgment has some future effect does not mean that it is prospective because virtually every court order causes at least some reverberations into the future, and has some prospective effect." *Kalamazoo River Study Grp.*, 355 F.3d at 587 (internal quotation marks, alterations, and citation omitted). And the parties never specify exactly what prospective effect they fear, which is telling.

Perhaps the parties meant to invoke the catch-all provision of Rule 60(b)(6), which allows a court "on motion and just terms" to "relieve a party or its legal representative from a

4

final judgment, order, or proceeding" for "any other reason [besides those listed in (1)–(5)] that justifies relief." Even if they did, such relief is not warranted here.

The Rule 60(b)(6) catch-all applies "only in 'unusual and extreme situations where principles of equity *mandate* relief.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990)); *see also Ackermann v. United States*, 340 U.S. 193, 202 (1950). But the parties have not demonstrated that allowing the orders to stand would be inequitable. The only explanation they offer is that their settlement is a "changed circumstance[]," in light of which it would be inequitable for Lexington and Atlas, the policy issuer and holder, to be bound by an interpretation offered by Unarco, an additional insured. *See* R. 891 at 4–5. This explanation does not justify vacatur under Rule 60(b)(5).

In *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, the Supreme Court held that "the mere fact that the settlement agreement provides for vacatur" does not constitute the "exceptional circumstances" required for the court of appeals to vacate a district court judgment. 513 U.S. 18, 28 (1994). The Supreme Court reasoned that (1) settling parties voluntarily give up the ordinary legal remedy of appeal; (2) judicial decisions are "not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur;" and (3) making vacatur available upon settlement would have uncertain effects on the parties' settlement incentives. *Id.* at 25–28. The decision expressly permitted a court of appeals—either before or after the extraordinary circumstances inquiry—to remand a case for the district court to consider a Rule 60(b) motion. *See id.* at 28.

Since *Bancorp Mortgage*, district courts in the Sixth Circuit have not reached a

5

consensus on whether exceptional circumstances are required before a settlement-related Rule 60(b) motion may be granted. Some read *Bancorp Mortgage* as "altering the analysis for Rule 60(b) motions by requiring a showing of exceptional circumstances for vacatur of a judgment or order under Rule 60(b)." *Autism Soc'y of Mich. v. Fuller*, No. 5:05-CV-73, 2007 WL 2484983, at *2 (W.D. Mich. Aug. 29, 2007); *see also Kufner v. Jefferson Pilot Fin. Ins. Co.*, No. 1:06-cv-910, 2009 WL 2448186, at *1 (W.D. Mich. Aug. 7, 2009) ("[T]he Supreme Court [in *Bancorp Mortgage*] expressed that vacatur is appropriate only in exceptional circumstances."). Others do not interpret *Bancorp Mortgage* as imposing a requirement on district courts, but do apply the factors it considered—conservation of judicial precedent and the effect on settlement incentives—when balancing the equities for Rule 60(b) motions. *See Papenfus v. Flagstar Bankcorp, Inc.*, Civil No. 07-10925, 2008 WL 243759, at *3 (E.D. Mich. Jan. 22, 2008) ("I find, however, that the Supreme Court's logic applies equally to the nearly analogous power of district courts to vacate their own decision pursuant to Federal Rule of Civil Procedure 60(B)."); *C&H Sugar Co. v. Solstice Indus.*, No. 05-CV-74265, 2007 WL 2870991, at *1 (E.D. Mich. Sept. 27, 2007).

The Court agrees with this second interpretation of *Bancorp Mortgage*. The case does not, by its own terms, apply to district courts. The Supreme Court held only that the "court of appeals can remand a case even in the absence" of exceptional circumstances—a holding that "would make no sense if the district court could not vacate its judgment in that absence." *See Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002, 1003 (7th Cir. 2007) (internal citation omitted). But the considerations identified by *Bancorp Mortgage* are "relevant to, and likewise largely determinative of, a district court's vacatur decision for mootness under Rule 60(b)(6)." *Valero Terrestrial Corp. v. Paige*, 211

6

F.3d 112, 121 (4th Cir. 2000).

In this case, the balance of the equities weighs against vacatur. The parties have offered no reason why allowing the orders to stand would harm them. And there are persuasive reasons to let the Court's orders stand. The orders at issue examine unclear areas of Kentucky law. *See* R. 835 at 7, 10; R. 886 at 4, 11. While the decisions of a federal court sitting in diversity are not binding precedent on state courts, they have value to the public as persuasive precedent. *See Bancorp Mortg.*, 513 U.S. at 26. Allowing vacatur in routine cases like this would set a troubling precedent: Parties could test the waters before a district court, and then simply "wash[] away," *id.* at 28, any law they dislike through settlement, rendering those prior decisions purely advisory.

Accordingly, it is **ORDERED** that:

(1) The parties' joint motion to reopen the case, R. 890 is **DENIED WITHOUT PREJUDICE**.

(2) The parties' joint motion to stay proceedings, vacate prior orders, and dismiss the case, R. 891, is **DENIED WITHOUT PREJUDICE IN PART** and **DISMISSED AS MOOT IN PART**. The motion is **DENIED WITHOUT PREJUDICE** with respect to the motion to vacate. The motion is **DISMISSED AS MOOT** with respect to the motions to stay and dismiss.

This the 7th day of September, 2012.



Signed By:
*Amul R. Thapar*
United States District Judge